# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WEBROOT, INC. and<br>OPEN TEXT, INC., | |
| Plaintiffs, | CIVIL ACTION NO. 6:22-CV-00342 |
| v. | **JURY TRIAL DEMANDED** |
| FORCEPOINT LLC, | |
| Defendant. | |

## DEFENDANT FORCEPOINT LLC'S ANSWER AND COUNTERCLAIMS TO PLAINTIFFS' COMPLAINT FOR PATENT INFRINGEMENT

Defendant Forcepoint LLC ("Forcepoint" or "Defendant"), by and through its undersigned counsel, answers Plaintiffs Webroot, Inc.'s ("Webroot") and Open Text Inc.'s ("Open Text") (collectively, "Plaintiffs") Complaint for Patent Infringement (the "Complaint"), dated March 31, 2022. All allegations, including those contained in the headings of the Complaint, not expressly admitted herein are denied by Forcepoint.

Forcepoint's specific responses to the numbered allegations of the Complaint are in the below numbered paragraphs as follows:

1. Forcepoint denies that any of the Asserted Patents "helped to revolutionize and have become widely adopted in, the fields of malware detection, network security, and endpoint protection." Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1 and therefore denies them.

2. Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 and therefore denies them.

3.     Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and therefore denies them.

4.     Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and therefore denies them.

5.     Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and therefore denies them.

6.     Forcepoint denies the allegations of paragraph 6 of the Complaint.

7.     Forcepoint denies the allegations of paragraph 7 of the Complaint.

8.     To the extent the allegations in paragraph 8 purport to describe what is in the Asserted Patents, Forcepoint asserts that the Asserted Patents speak for themselves.  Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and therefore denies them.

9.     Forcepoint denies the allegations of paragraph 9 of the Complaint.

10.     Forcepoint denies the allegations of paragraph 10 of the Complaint.

11.     Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and therefore denies them.

12.     Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and therefore denies them.

13.     Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and therefore denies them.

14.     Forcepoint denies the allegations of paragraph 14 of the Complaint.

15.     Forcepoint admits that it markets certain products and services named "Next-Generation Firewall, Web Appliance or Secure Web Gateway, Web Security, Forcepoint One,

Advanced Classification Engine, Threat Seeker Intelligence, Advance Malware Detection, and Remote Browser Isolation."  Forcepoint denies the remaining allegations in paragraph 15 of the Complaint, and specifically denies that Forcepoint "implements Plaintiffs' patent technology" and denies that Forcepoint has committed any acts of infringement.

16.     Forcepoint admits that the Complaint purports "to seek damages for and to ultimately stop Defendant's continued infringement of Plaintiffs' patents."  Forcepoint denies the remaining allegations contained in paragraph 16, including that Forcepoint committed any acts of "infringement of Plaintiffs' patents" or engaged in "unlawful competition."

**NATURE OF THE CASE[1]**

17.     Forcepoint admits that the Complaint purports to allege patent infringement under the patent laws of the United States, Title 35 of the United States Code. Forcepoint denies the remaining allegations in paragraph 17, including that it "has infringed and continue[s] to infringe" any of Plaintiffs' patents.

**THE PARTIES**

18.     Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and therefore denies them.

19.     Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and therefore denies them.

20.     Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and therefore denies them.

---

[1]     For ease of reference, Forcepoint adopts the headings set forth in the Complaint. To the extent that such headings themselves contain factual or legal characterizations or allegations, Forcepoint denies such characterizations and allegations.

21.     Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and therefore denies them.

22.     Forcepoint a lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and therefore denies them.

23.     Forcepoint admits that it is a Delaware limited liability company with a principal place of business at 10900-A Stonelake Blvd #350, Austin, TX 78759. Forcepoint admits that it is registered with the Secretary of State to conduct business in Texas. Forcepoint denies the remaining allegations contained in paragraph 23.

## JURISDICTION & VENUE

24.     Forcepoint admits that the Complaint purports to set forth patent infringement claims arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*. Forcepoint admits that this Court has subject matter jurisdiction over actions arising under the patent laws of the United States pursuant to 28 U.S.C. §§ 1331 and 1338(a). Forcepoint denies the remaining allegations contained in paragraph 24.

25.     Forcepoint admits that its principal place of business is located in the state of Texas. Forcepoint admits that it has conducted business in the State of Texas and in the Western District of Texas. For the purposes of only this case, Forcepoint does not contest personal jurisdiction. Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer. Forcepoint denies the remaining allegations contained in paragraph 25, including that it has committed any acts of infringement.

26.     Forcepoint admits that it sells products that may be used nationwide, including in the Western District of Texas. Forcepoint denies the remaining allegations in paragraph 26,

including that its products infringe any of Plaintiffs' patents. To the extent the allegations in paragraph 26 purport to describe what is in documents (*e.g.*, Forcepoint, *Find a Partner*, https://www.forcepoint.com/partners/find-a-partner), Forcepoint asserts that those documents speak for themselves. Forcepoint denies the allegations to the extent they do not accurately represent the documents.

27.     Forcepoint admits that venue is proper in the Western District of Texas for purposes of only this action, but denies that venue is convenient or in the interest of justice under 28 U.S.C. § 1404(a). Forcepoint denies the remaining allegations in paragraph 27, including that it has committed any acts of infringement.

28.     Forcepoint admits it has employees in Austin, Texas with relevant knowledge regarding the Accused Products. Forcepoint denies the remaining allegations of paragraph 28.

29.     Forcepoint admits it has employees in Austin, Texas with knowledge regarding sales and support of the Accused Products. Forcepoint denies the remaining allegations of paragraph 29.

30.     Forcepoint admits it uses aspects of certain of its products in Austin, Texas, but denies that any such use is an act of infringement of any claim of the Asserted Patents. Forcepoint specifically denies that it has committed any acts of infringement in this District or otherwise.  Forcepoint denies the remaining allegations of paragraph 30.

31.     Forcepoint admits it sells, offers for sale, and advertises its products nationwide, including in the Western District of Texas, but denies that it has committed any acts of infringement in this District or otherwise. Forcepoint denies the remaining allegations in paragraph 31 of the Complaint, including that it has committed any acts of infringement.

32.     Forcepoint denies the allegations in paragraph 32 of the Complaint. To the extent the allegations in paragraph 32 purport to describe what is in documents (*e.g.*, Forcepoint, *Find a Partner*, https://www.forcepoint.com/partners/find-a-partner), Forcepoint asserts that those documents speak for themselves. Forcepoint denies the allegations to the extent they do not accurately represent the documents.

33.     Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer. Forcepoint denies the remaining allegations in paragraph 33 of the Complaint.

34.     Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer. Forcepoint denies the remaining allegations in paragraph 34 of the Complaint.

35.     Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer. Forcepoint denies the remaining allegations in paragraph 35 of the Complaint. To the extent the allegations in paragraph 35 purport to describe what is in documents (*e.g.*, Forcepoint, *Welcome to Forcepoint Hub*, https://support.forcepoint.com/s/login/?ec=302&startURL=%2Fs%2F), Forcepoint asserts that those documents speak for themselves. Forcepoint denies the allegations to the extent they do not accurately represent the documents.

36.     Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer. Forcepoint denies the allegations in paragraph 36 of the Complaint.

37.     Forcepoint denies the allegations in paragraph 37 of the Complaint.

## PLAINTIFFS' PATENTED INNOVATIONS

38.    Forcepoint denies that Plaintiffs and their predecessors "were all pioneers and leading innovators in developing and providing modern end point security protection." Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 38 and therefore denies them.

39.    Forcepoint denies that the Asserted Patents reflect "innovations" or "improve on traditional anti-Malware and network security systems."    Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 39 and therefore denies them.

U.S. Patent No. 8,726,389

40.    Forcepoint admits that Plaintiffs purport to characterize the '389 patent, but asserts that the '389 patent speaks for itself. Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 and therefore denies them.

41.    Forcepoint admits that what appears to be a copy United States Patent No. 8,726,389 is attached as Exhibit 1 to the complaint and that, on its face, the '389 Patent is entitled "Methods and Apparatus for Dealing with Malware" and bears the filing date of July 8, 2012. Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 41 and therefore denies them.

42.    Forcepoint admits that Plaintiffs purport to characterize the '389 patent, but asserts that the '389 patent speaks for itself. Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 and therefore denies them.

43.     Forcepoint admits that Plaintiffs purport to characterize the '389 patent, but asserts that the '389 patent speaks for itself. Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 and therefore denies them.

44.     Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 and therefore denies them.

45.     Forcepoint admits that Plaintiffs purport to characterize the '389 patent, but asserts that the '389 patent speaks for itself. Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 and therefore denies them.

46.     Forcepoint admits that Plaintiffs purport to characterize the '389 patent, but asserts that the '389 patent speaks for itself. Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 and therefore denies them.

47.     Forcepoint admits that Plaintiffs purport to characterize the '389 patent, but asserts that the '389 patent speaks for itself. Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 and therefore denies them.

48.     Forcepoint admits that Plaintiffs purport to characterize the '389 patent, but asserts that the '389 patent speaks for itself. Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 and therefore denies them.

49.     Forcepoint admits that Plaintiffs purport to characterize the '389 patent, but asserts that the '389 patent speaks for itself. Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 and therefore denies them.

50.     Forcepoint admits that Plaintiffs purport to characterize the '389 patent, but asserts that the '389 patent speaks for itself. Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 and therefore denies them.

51.     Forcepoint admits that Plaintiffs purport to characterize the '389 patent, but asserts that the '389 patent speaks for itself. Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 and therefore denies them.

52.     Forcepoint admits that Plaintiffs purport to characterize the '389 patent, but asserts that the '389 patent speaks for itself. Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 and therefore denies them.

53.     Forcepoint admits that Plaintiffs purport to characterize the '389 patent, but asserts that the '389 patent speaks for itself. Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 and therefore denies them.

54.     Forcepoint admits that Plaintiffs purport to characterize the '389 patent, but asserts that the '389 patent speaks for itself. Forcepoint lacks knowledge or information

sufficient to form a belief as to the truth of the allegations of paragraph 54 and therefore denies them.

<u>U.S. Patent No. 10,599,844</u>

55.     Forcepoint admits that what appears to be a copy United States Patent No. 10,599,844 is attached as Exhibit 2 to the complaint and that, on its face, the '844 Patent is entitled "Automatic Threat Detection of Executable Files Based on Static Data Analysis" and bears the filing date of May 12, 2015. Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 55 and therefore denies them.

56.     Forcepoint admits that Plaintiffs purport to characterize the '844 patent, but asserts that the '844 patent speaks for itself. Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 56 and therefore denies them.

57.     Forcepoint admits that Plaintiffs purport to characterize the '844 patent, but asserts that the '844 patent speaks for itself. Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 and therefore denies them.

58.      Forcepoint admits that Plaintiffs purport to characterize the '844 patent, but asserts that the '844 patent speaks for itself. Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 and therefore denies them.

59.     Forcepoint admits that Plaintiffs purport to characterize the '844 patent, but asserts that the '844 patent speaks for itself. Forcepoint lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of paragraph 59 and therefore denies them.

60.     Forcepoint admits that Plaintiffs purport to characterize the '844 patent, but asserts that the '844 patent speaks for itself. Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 and therefore denies them.

61.     Forcepoint admits that Plaintiffs purport to characterize the '844 patent, but asserts that the '844 patent speaks for itself. Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 and therefore denies them.

62.     Forcepoint admits that Plaintiffs purport to characterize the '844 patent, but asserts that the '844 patent speaks for itself. Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 and therefore denies them.

63.     Forcepoint admits that Plaintiffs purport to characterize the '844 patent, but asserts that the '844 patent speaks for itself. Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 and therefore denies them.

<u>U.S. Patent No. 8,438,386</u>

64.     Forcepoint admits that what appears to be a copy United States Patent No. 8,438,386 is attached as Exhibit 3 to the complaint and that, on its face, the '386 Patent is entitled "System and Method for Developing a Risk Profile for an Internet Service" and bears the

filing date of February 21, 2010. Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 55 and therefore denies them.

65.   Forcepoint admits that Plaintiffs purport to characterize the '386 patent, but asserts that the '386 patent speaks for itself. Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 65 and therefore denies them.

66.   Forcepoint admits that Plaintiffs purport to characterize the '386 patent, but asserts that the '386 patent speaks for itself. Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 and therefore denies them.

67.   Forcepoint admits that Plaintiffs purport to characterize the '386 patent, but asserts that the '386 patent speaks for itself. Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 67 and therefore denies them.

68.   Forcepoint admits that Plaintiffs purport to characterize the '386 patent, but asserts that the '386 patent speaks for itself. Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 and therefore denies them.

69.   Forcepoint admits that Plaintiffs purport to characterize the '386 patent, but asserts that the '386 patent speaks for itself. Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 and therefore denies them.

70.     Forcepoint admits that Plaintiffs purport to characterize the '386 patent, but asserts that the '386 patent speaks for itself. Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 and therefore denies them.

<u>U.S. Patent No. 9,413,721</u>

71.     Forcepoint admits that what appears to be a copy United States Patent No. 9,413,721 is attached as Exhibit 4 to the complaint and that, on its face, the '721 Patent is entitled "Methods and Apparatus for Dealing with Malware" and bears the filing date of February 13, 2012. Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 55 and therefore denies them.

72.     Forcepoint admits that Plaintiffs purport to characterize the '721 patent, but asserts that the '721 patent speaks for itself. Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 72 and therefore denies them.

73.     Forcepoint admits that Plaintiffs purport to characterize the '721 patent, but asserts that the '721 patent speaks for itself. Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 73 and therefore denies them.

74.     Forcepoint admits that Plaintiffs purport to characterize the '721 patent, but asserts that the '721 patent speaks for itself. Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74 and therefore denies them.

75.     Forcepoint admits that Plaintiffs purport to characterize the '721 patent, but asserts that the '721 patent speaks for itself. Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75 and therefore denies them.

76.     Forcepoint admits that Plaintiffs purport to characterize the '721 patent, but asserts that the '721 patent speaks for itself. Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 76 and therefore denies them.

77.     Forcepoint admits that Plaintiffs purport to characterize the '721 patent, but asserts that the '721 patent speaks for itself. Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 and therefore denies them.

78.     Forcepoint admits that Plaintiffs purport to characterize the '721 patent, but asserts that the '721 patent speaks for itself. Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78 and therefore denies them.

<u>U.S. Patent No. 10,025,928</u>

79.     Forcepoint admits that what appears to be a copy United States Patent No. 10,025,928 is attached as Exhibit 4 to the complaint and that, on its face, the '928 Patent is entitled "Proactive Browser Content Analysis" and bears the filing date of October 3, 2012. Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 55 and therefore denies them.

80.     Forcepoint admits that Plaintiffs purport to characterize the '928 patent, but asserts that the '928 patent speaks for itself. Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80 and therefore denies them.

81.     Forcepoint admits that Plaintiffs purport to characterize the '928 patent, but asserts that the '928 patent speaks for itself. Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81 and therefore denies them.

82.     Forcepoint admits that Plaintiffs purport to characterize the '928 patent, but asserts that the '928 patent speaks for itself. Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 82 and therefore denies them.

83.     Forcepoint admits that Plaintiffs purport to characterize the '928 patent, but asserts that the '928 patent speaks for itself. Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83 and therefore denies them.

84.     Forcepoint admits that Plaintiffs purport to characterize the '928 patent, but asserts that the '928 patent speaks for itself. Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 84 and therefore denies them.

## **ACCUSED PRODUCTS**

85.     Forcepoint admits that it markets certain products and services named "Next-Generation Firewall, Web Appliance, Web Security or Secure Web Gateway, Advanced

Classification Engine, Threat Seeker Intelligence, Advance Malware Detection, Forcepoint One, and Remote Browser Isolation." Forcepoint denies the remaining allegations of paragraph 85, including that any of its products, in combination or individually, infringe any of Plaintiffs' patents.

86.     Forcepoint denies the allegations in paragraph 86. To the extent the allegations in paragraph 86 purport to describe what is in documents, Forcepoint asserts that those documents speaks for themselves. Forcepoint denies the allegations to the extent they do not accurately represent the documents.

87.     Forcepoint denies the allegations in paragraph 87. To the extent the allegations in paragraph 87 purport to describe what is in documents, Forcepoint asserts that those documents speaks for themselves. Forcepoint denies the allegations to the extent they do not accurately represent the documents.

88.     Forcepoint denies the allegations in paragraph 88. To the extent the allegations in paragraph 88 purport to describe what is in documents, Forcepoint asserts that those documents speaks for themselves. Forcepoint denies the allegations to the extent they do not accurately represent the documents.

89.     Forcepoint denies the allegations in paragraph 89. To the extent the allegations in paragraph 89 purport to describe what is in documents, Forcepoint asserts that those documents speaks for themselves. Forcepoint denies the allegations to the extent they do not accurately represent the documents.

90.     Forcepoint denies the allegations in paragraph 90. To the extent the allegations in paragraph 90 purport to describe what is in documents, Forcepoint asserts that those documents

speaks for themselves. Forcepoint denies the allegations to the extent they do not accurately represent the documents.

91.     Forcepoint denies the allegations in paragraph 91. To the extent the allegations in paragraph 91 purport to describe what is in documents, Forcepoint asserts that those documents speaks for themselves. Forcepoint denies the allegations to the extent they do not accurately represent the documents.

92.     Forcepoint denies the allegations in paragraph 92. To the extent the allegations in paragraph 92 purport to describe what is in documents, Forcepoint asserts that those documents speaks for themselves. Forcepoint denies the allegations to the extent they do not accurately represent the documents.

**FIRST CAUSE OF ACTION**
**(INFRINGEMENT OF THE '389 PATENT)**

93.     Forcepoint incorporates by reference its responses contained in the foregoing paragraphs, as if fully set forth herein.

94.     Forcepoint denies the allegations in paragraph 94 of the Complaint.

95.     Forcepoint admits that what appears to be claim 1 of the '389 Patent is recited at paragraph 95 of the Complaint. Forcepoint denies the remaining allegations of paragraph 95.

96.     Forcepoint denies the allegations in paragraph 96 of the Complaint.

97.     Forcepoint denies the allegations in paragraph 97 of the Complaint.

98.     Forcepoint denies the allegations in paragraph 98 of the Complaint.

99.     Forcepoint denies the allegations in paragraph 99 of the Complaint.

100.    Forcepoint denies the allegations in paragraph 100 of the Complaint.

101.    Forcepoint denies the allegations in paragraph 101 of the Complaint.

102.    Forcepoint denies the allegations in paragraph 102 of the Complaint.

17

103.    Forcepoint denies the allegations in paragraph 103 of the Complaint.

104.    Forcepoint denies the allegations in paragraph 104 of the Complaint.

105.    Forcepoint denies the allegations in paragraph 105 of the Complaint.

106.    Forcepoint admits it was notified of the '389 Patent at the time it was served with the Complaint, but deny that the Complaint provides information sufficient to allege a plausible claim of infringement of any claim of the '389 Patent. Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 106 and therefore denies them.

107.    Forcepoint denies the allegations in paragraph 107 of the Complaint.

108.    Forcepoint denies the allegations in paragraph 108 of the Complaint. Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

109.    Forcepoint denies the allegations in paragraph 109 of the Complaint. Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

110.    Forcepoint denies the allegations in paragraph 110 of the Complaint. Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

111.    Forcepoint denies the allegations in paragraph 111 of the Complaint. Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

112.     Forcepoint denies the allegations in paragraph 111 of the Complaint. Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

113.     Forcepoint denies the allegations in paragraph 113 of the Complaint. Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

114.     Forcepoint denies the allegations in paragraph 114 of the Complaint. Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

115.     Forcepoint denies the allegations in paragraph 115 of the Complaint. Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

116.     Forcepoint denies the allegations in paragraph 116 of the Complaint. Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

117.     Forcepoint denies the allegations in paragraph 117 of the Complaint.

118.     Forcepoint denies the allegations in paragraph 118 of the Complaint. Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

119.     Forcepoint denies the allegations in paragraph 119 of the Complaint. Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

## SECOND CAUSE OF ACTION
## (INFRINGEMENT OF THE '844 PATENT)

120.     Forcepoint incorporates by reference its responses contained in the foregoing paragraphs, as if fully set forth herein.

121.     Forcepoint denies the allegations in paragraph 121 of the Complaint.

122.     Forcepoint admits that what appears to be claim 1 of the '844 Patent is recited at paragraph 122 of the Complaint. Forcepoint denies the remaining allegations of paragraph 122.

123.     Forcepoint denies the allegations in paragraph 123 of the Complaint.

124.     Forcepoint denies the allegations in paragraph 124 of the Complaint.

125.     Forcepoint denies the allegations in paragraph 125 of the Complaint.

126.     Forcepoint denies the allegations in paragraph 126 of the Complaint.

127.     Forcepoint denies the allegations in paragraph 127 of the Complaint.

128.     Forcepoint denies the allegations in paragraph 128 of the Complaint.

129.     Forcepoint denies the allegations in paragraph 129 of the Complaint.

130.     Forcepoint denies the allegations in paragraph 130 of the Complaint.

131.     Forcepoint denies the allegations in paragraph 131 of the Complaint.

132.     Forcepoint admits it was notified of the '844 Patent at the time it was served with the Complaint, but deny that the Complaint provides information sufficient to allege a plausible claim of infringement of any claim of the '844 Patent. Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 132 and therefore denies them.

133.     Forcepoint denies the allegations in paragraph 133 of the Complaint.

134.    Forcepoint denies the allegations in paragraph 134 of the Complaint. Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

135.    Forcepoint denies the allegations in paragraph 135 of the Complaint. Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

136.    Forcepoint denies the allegations in paragraph 136 of the Complaint.  Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

137.    Forcepoint denies the allegations in paragraph 137 of the Complaint.  Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

138.    Forcepoint denies the allegations in paragraph 138 of the Complaint.  Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

139.    Forcepoint denies the allegations in paragraph 139 of the Complaint.  Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

140.    Forcepoint denies the allegations in paragraph 140 of the Complaint. Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

141.    Forcepoint denies the allegations in paragraph 141 of the Complaint.  Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

142.    Forcepoint denies the allegations in paragraph 142 of the Complaint.  Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

143.    Forcepoint denies the allegations in paragraph 143 of the Complaint.  Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

144.    Forcepoint denies the allegations in paragraph 144 of the Complaint.

145.    Forcepoint denies the allegations in paragraph 145 of the Complaint. Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

146.    Forcepoint denies the allegations in paragraph 146 of the Complaint.  Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

147.    Forcepoint denies the allegations in paragraph 147 of the Complaint.  Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

148.    Forcepoint denies the allegations in paragraph 148 of the Complaint.

149.    Forcepoint denies the allegations in paragraph 149 of the Complaint. Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

22

150.    Forcepoint denies the allegations in paragraph 150 of the Complaint. Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

151.    Forcepoint denies the allegations in paragraph 151 of the Complaint. Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

### THIRD CAUSE OF ACTION
### (INFRINGEMENT OF THE '386 PATENT)

152.    Forcepoint incorporates by reference its responses contained in the foregoing paragraphs, as if fully set forth herein.

153.    Forcepoint denies the allegations in paragraph 153 of the Complaint.

154.    Forcepoint admits that what appears to be claim 1 of the '386 Patent is recited at paragraph 154 of the Complaint. Forcepoint denies the remaining allegations of paragraph 154.

155.    Forcepoint denies the allegations in paragraph 155 of the Complaint.

156.    Forcepoint denies the allegations in paragraph 156 of the Complaint.

157.    Forcepoint denies the allegations in paragraph 157 of the Complaint.

158.    Forcepoint denies the allegations in paragraph 158 of the Complaint.

159.    Forcepoint denies the allegations in paragraph 159 of the Complaint.

160.    Forcepoint denies the allegations in paragraph 160 of the Complaint.

161.    Forcepoint denies the allegations in paragraph 161 of the Complaint.

162.    Forcepoint denies the allegations in paragraph 162 of the Complaint.

163.    Forcepoint admits it was notified of the '386 Patent at the time it was served with the Complaint, but deny that the Complaint provides information sufficient to allege a plausible claim of infringement of any claim of the '386 Patent. Forcepoint lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of paragraph 163 and therefore denies them.

164.    Forcepoint denies the allegations in paragraph 164 of the Complaint.

165.    Forcepoint denies the allegations in paragraph 165 of the Complaint.  Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

166.    Forcepoint denies the allegations in paragraph 166 of the Complaint.  Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

167.    Forcepoint denies the allegations in paragraph 167 of the Complaint.  Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

168.    Forcepoint denies the allegations in paragraph 168 of the Complaint.  Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

169.    Forcepoint denies the allegations in paragraph 169 of the Complaint.  Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

170.    Forcepoint denies the allegations in paragraph 170 of the Complaint.  Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

171.   Forcepoint denies the allegations in paragraph 171 of the Complaint.  Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

172.   Forcepoint denies the allegations in paragraph 172 of the Complaint.  Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

173.   Forcepoint denies the allegations in paragraph 173 of the Complaint.  Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

174.   Forcepoint denies the allegations in paragraph 174 of the Complaint.

175.   Forcepoint denies the allegations in paragraph 175 of the Complaint.  Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

176.   Forcepoint denies the allegations in paragraph 176 of the Complaint.

## FOURTH CAUSE OF ACTION
## (INFRINGEMENT OF THE '721 PATENT)

177.   Forcepoint incorporates by reference its responses contained in the foregoing paragraphs, as if fully set forth herein.

178.   Forcepoint denies the allegations in paragraph 178 of the Complaint.

179.   Forcepoint admits that what appears to be claim 1 of the '721 Patent is recited at paragraph 122 of the Complaint. Forcepoint denies the remaining allegations of paragraph 154.

180.   Forcepoint denies the allegations in paragraph 180 of the Complaint.

181.   Forcepoint denies the allegations in paragraph 181 of the Complaint.

182.   Forcepoint denies the allegations in paragraph 182 of the Complaint.

183.    Forcepoint denies the allegations in paragraph 183 of the Complaint.

184.    Forcepoint denies the allegations in paragraph 184 of the Complaint.

185.    Forcepoint denies the allegations in paragraph 185 of the Complaint.

186.    Forcepoint denies the allegations in paragraph 186 of the Complaint.

187.    Forcepoint denies the allegations in paragraph 187 of the Complaint.

188.    Forcepoint denies the allegations in paragraph 188 of the Complaint.

189.    Forcepoint denies the allegations in paragraph 189 of the Complaint.

190.    Forcepoint admits it was notified of the '721 Patent at the time it was served with the Complaint, but deny that the Complaint provides information sufficient to allege a plausible claim of infringement of any claim of the '721 Patent. Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 190 and therefore denies them.

191.    Forcepoint denies the allegations in paragraph 191 of the Complaint.

192.    Forcepoint denies the allegations in paragraph 192 of the Complaint.  Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

193.    Forcepoint denies the allegations in paragraph 193 of the Complaint.  Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

194.    Forcepoint denies the allegations in paragraph 194 of the Complaint.  Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

195.    Forcepoint denies the allegations in paragraph 195 of the Complaint.  Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

196.    Forcepoint denies the allegations in paragraph 196 of the Complaint.  Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

197.    Forcepoint denies the allegations in paragraph 197 of the Complaint.  Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

198.    Forcepoint denies the allegations in paragraph 198 of the Complaint.  Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

199.    Forcepoint denies the allegations in paragraph 199 of the Complaint.  Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

200.    Forcepoint denies the allegations in paragraph 200 of the Complaint.  Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

201.    Forcepoint denies the allegations in paragraph 201 of the Complaint.

202.    Forcepoint denies the allegations in paragraph 202 of the Complaint.

203.    Forcepoint denies the allegations in paragraph 203 of the Complaint.  Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

## FIFTH CAUSE OF ACTION
## (INFRINGEMENT OF THE '928 PATENT)

204.    Forcepoint incorporates by reference its responses contained in the foregoing paragraphs, as if fully set forth herein.

205.    Forcepoint denies the allegations in paragraph 205 of the Complaint.

206.    Forcepoint admits that what appears to be claim 1 of the '928 Patent is recited at paragraph 122 of the Complaint. Forcepoint denies the remaining allegations of paragraph 206.

207.    Forcepoint denies the allegations in paragraph 207 of the Complaint.

208.    Forcepoint denies the allegations in paragraph 208 of the Complaint.

209.    Forcepoint denies the allegations in paragraph 209 of the Complaint.

210.    Forcepoint denies the allegations in paragraph 210 of the Complaint.

211.    Forcepoint denies the allegations in paragraph 211 of the Complaint.

212.    Forcepoint denies the allegations in paragraph 212 of the Complaint.

213.    Forcepoint denies the allegations in paragraph 213 of the Complaint.

214.    Forcepoint denies the allegations in paragraph 214 of the Complaint.

215.    Forcepoint denies the allegations in paragraph 215 of the Complaint.

216.    Forcepoint denies the allegations in paragraph 216 of the Complaint.

217.    Forcepoint denies the allegations in paragraph 217 of the Complaint.

218.    Forcepoint denies the allegations in paragraph 218 of the Complaint.

219.    Forcepoint admits it was notified of the '928 Patent at the time it was served with the Complaint, but deny that the Complaint provides information sufficient to allege a plausible claim of infringement of any claim of the '928 Patent.   Forcepoint lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 219 and therefore denies them.

220.    Forcepoint denies the allegations in paragraph 220 of the Complaint.

221.    Forcepoint denies the allegations in paragraph 221 of the Complaint.  Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

222.    Forcepoint denies the allegations in paragraph 222 of the Complaint.  Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

223.    Forcepoint denies the allegations in paragraph 223 of the Complaint.  Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

224.    Forcepoint denies the allegations in paragraph 224 of the Complaint.  Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

225.    Forcepoint denies the allegations in paragraph 225 of the Complaint.  Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

226.    Forcepoint denies the allegations in paragraph 226 of the Complaint.  Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

227.    Forcepoint denies the allegations in paragraph 227 of the Complaint.  Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

228.    Forcepoint denies the allegations in paragraph 228 of the Complaint.  Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

229.    Forcepoint denies the allegations in paragraph 229 of the Complaint.  Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

230.    Forcepoint denies the allegations in paragraph 230 of the Complaint.

231.    Forcepoint  denies the allegations in paragraph 231 of the Complaint.

232.    Forcepoint denies the allegations in paragraph 232 of the Complaint.  Plaintiffs dismissed their allegations in the Complaint as to pre-suit indirect infringement (Dkt. 20), and thus, Forcepoint does not respond to those allegations in its Answer.

## PRAYER FOR RELIEF

The Complaint recites a prayer for relief for which no response is required. To the extent an answer is required, Forcepoint denies that Plaintiffs are entitled to any relief.

## DEMAND FOR JURY TRIAL

The Complaint sets forth Plaintiffs' jury demand and requires no response.  To the extent an answer is required, Forcepoint admits that the Complaint contains a request for jury trial but denies that Plaintiffs are entitled to any relief.

## AFFIRMATIVE DEFENSES/DEFENSES

1.      Without any admission that Forcepoint bears the burden of proof, burden of persuasion, or the truth of any allegation in the Complaint, Forcepoint relies on the following defenses, whether pled as an affirmative defense or otherwise, in response to the allegations, which are based on an investigation that is not complete.

### FIRST DEFENSE
### (Non-infringement)

2.      Forcepoint does not infringe, and at all relevant times to this action has not infringed, directly or indirectly, literally or under the Doctrine of Equivalents, any valid and enforceable claim of the Asserted Patents.

### SECOND DEFENSE
### (Invalidity)

3.      The claims of the Asserted Patents are invalid for failure to satisfy one or more of the conditions and requirements of patentability set forth in 35 U.S.C. §§ 101 et seq., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, or under any of the judicially created doctrines of invalidity.

### THIRD DEFENSE
### (Failure To State A Claim)

4.      The Complaint fails to state a claim on which relief can be granted.

### FOURTH DEFENSE
### (Prosecution History Estoppel)

5.      Plaintiffs are estopped from construing any valid and enforceable claim of the Asserted Patents to cover or include, either literally or by application of the doctrine of equivalents, devices manufactured, used, imported, sold, offered for sale, or imported by Forcepoint, or methods used by Forcepoint, because of admissions and statements to the United

States Patent and Trademark Office during prosecution of the applications leading to the issuance of the Asserted Patents or applications related thereto, because of disclosures or language in the specifications of the Asserted Patents, and/or limitations in the claims of the Asserted Patents.

### FIFTH DEFENSE
### (License and/or Patent Exhaustion)

6.      Plaintiffs' claims are barred, in whole or in part, under the doctrines of express license, implied license, and/or patent exhaustion.

### SIXTH DEFENSE
### (Limitations on Damages)

7.      Plaintiffs' claims for damages for alleged patent infringement, if any, are limited by 35 U.S.C. §§ 286, 287, and 288.

### SEVENTH DEFENSE
### (Remedy by Action Against the United States)

8.      Plaintiffs' claims for relief and prayer for damages are limited by 28 U.S.C. § 1498(a).

### EIGHTH DEFENSE
### (Consent, Waiver, and Estoppel)

9.      Plaintiffs' claims are barred, in whole or in part, by consent, waiver and/or estoppel.

### NINTH DEFENSE
### (Unclean Hands)

10.     Plaintiffs' claims are barred by the doctrine of unclean hands.

## TENTH DEFENSE
### (No Irreparable Harm)

11.     Plaintiffs are not entitled to any form of injunctive relief because Plaintiffs have not suffered and will not suffer irreparable harm due to Forcepoint's alleged infringement and because Plaintiffs have an adequate remedy at law.

## ADDITIONAL DEFENSES

12.     Forcepoint expressly reserves the right to raise and allege additional defenses pursuant to Rule 8 of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or in equity, that may exist or in the future may be available based on further investigation and discovery.

## DEMAND FOR JURY TRIAL

13.     Forcepoint requests a jury trial on issues so triable by right.

## REQUEST FOR RELIEF

WHEREFORE, Defendant Forcepoint respectfully requests that the Court enter judgment in its favor and against Plaintiffs as follows:

A.      Dismissing, with prejudice, Plaintiffs' claims against Forcepoint;

B.      Denying all relief that Plaintiffs seek in the Complaint;

C.      Finding this case to be exceptional under 35 U.S.C. § 285 and awarding Forcepoint its costs and attorneys' fees; and

D.      Awarding any other relief the Court deems just and equitable.

## FORCEPOINT'S COUNTERCLAIMS

In accordance with Rule 13 of the Federal Rules of Civil Procedure, Forcepoint, Inc. ("Forcepoint" or "Counterclaim-Plaintiff") hereby alleges and asserts the following counterclaims against Open Text, Inc. and Open Text Corporation ("Open Text Corp.") (hereinafter, collectively as "Open Text"), and Webroot, Inc. ("Webroot") (collectively, "Counterclaim-Defendants"), Open Text Corp. being joined pursuant to Rule 20(a)(2) of the Federal Rules of Civil Procedure:

### PARTIES

1.      Forcepoint is a corporation organized under the laws of Delaware with its corporate headquarters at 10900-A Stonelake Blvd., Quarry Oaks 1, Ste 350, Austin, TX 78759.

2.      Webroot is a Delaware corporation with its principal place of business at 385 Interlocken Crescent, Suite 800, Broomfield, CO 80021.

3.      OpenText, Inc. is a Delaware corporation with its principal place of business at 2440 Sand Hill Road, Suites 301 & 302, Menlo Park, CA 94025.

4.      OpenText Corp. is a Canadian corporation with its principal place of business at 275 Frank Tompa Drive, Waterloo, Ontario, Canada N2L 0A1.

5.      Webroot and Open Text, Inc. are subsidiaries of Open Text Corp., a publicly traded company.

### JURISDICTION AND VENUE

6.      Forcepoint's counterclaims arise under the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

7.      This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

8.      Webroot and Open Text, Inc. have consented to personal jurisdiction of this Court at least by commencing its action against Forcepoint in this Court.

9.      The Court has personal jurisdiction over Open Text Corp. at least because it regularly conducts business in the State of Texas and in this District.

10.     Open Text Corp. maintains three offices in the State of Texas, two of which are located in this Judicial District, including the Austin office and San Antonio office.

11.     Over 60 employees work in Open Text Corp.'s Austin office, including employees in engineering, customer support, legal and compliance teams, IT, and corporate development.

12.     Open Text Corp.'s Austin office hosts one of Open Text Corp.'s data centers.

13.     Venue is proper in this District as to these Counterclaims against Webroot and Open Text, Inc. pursuant to 28 U.S.C. §§ 1391(a)-(c), and 1400(b) at least because Webroot and Open Text, Inc. have consented to the venue of this Court by filing its Complaint here.

14.     Venue is proper in this District as to these Counterclaims against Open Text Corp. pursuant to 28 U.S.C. 1391(b) and (c) and 28 U.S.C. 1400(b) because Open Text Corp. is a foreign corporation and may be sued in any district in the United States, including this District.

## COUNTERCLAIM I
## (DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 8,726,389)

15.     Forcepoint repeats and re-alleges paragraphs 1–14 as if fully set forth herein.

16.     Forcepoint has not infringed and does not infringe any valid and enforceable claim of the '389 patent, directly or indirectly, either literally or by application of the doctrine of equivalents. For example, the Accused Products, alone or in combination, do not meet each and every limitation of claim 1 of the '389 Patent because they do not practice "at a base computer, receiving data . . . wherein said data includes information about events initiated . . . when the

computer object is created, configured or runs on the first [or second] remote computer, said information including at least . . . an identity of an object or other entity on which the event is being performed.".

17.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

18.     A judicial declaration is necessary and appropriate so that Forcepoint may ascertain its rights regarding the '389 Patent.

19.     Forcepoint is entitled to a declaratory judgment that Forcepoint does not infringe and has not infringed, either directly or indirectly, any valid and enforceable claim of the '389 patent, either literally or under the doctrine of equivalents.

**COUNTERCLAIM II**
**(DECLARATION OF INVALIDITY OF U.S. PATENT NO. 8,726,389)**

20.     Forcepoint repeats and re-alleges paragraphs 1–19 as if fully set forth herein.

21.     The claims of the '389 patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

22.     For example, the asserted claims of the '389 Patent are invalid based on, for instance, U.S. Patent No. 7,865,956.

23.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

24.     A judicial declaration is necessary and appropriate so that Forcepoint may ascertain its rights regarding the '389 Patent.

## COUNTERCLAIM III
## (DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 10,599,844)

25.     Forcepoint repeats and re-alleges paragraphs 1–24 as if fully set forth herein.

26.     Forcepoint has not infringed and does not infringe any valid and enforceable claim of the '844 patent directly or indirectly, either literally or by application of the doctrine of equivalents. For example, the Accused Products, alone or in combination, do not meet each and every limitation of claim 1 of the '844 Patent because they do not practice "wherein one or more features of the feature vector are selectively turned on or off based on whether a value of one or more static data points from the plurality of extracted static data points is within a predetermined range."

27.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

28.     A judicial declaration is necessary and appropriate so that Forcepoint may ascertain its rights regarding the '844 Patent.

29.     Forcepoint is entitled to a declaratory judgment that Forcepoint does not infringe and has not infringed, either directly or indirectly, any valid and enforceable claim of the '844 patent, either literally or under the doctrine of equivalents.

## COUNTERCLAIM IV
## (DECLARATION OF INVALIDITY OF U.S. PATENT NO. 10,599,844)

30.     Forcepoint repeats and re-alleges paragraphs 1–29 as if fully set forth herein.

31.     The claims of the '844 patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of §§ 101, 102, 103, and/or 112.

32.     For example, the asserted claims of the '844 Patent are invalid based on, for instance, U.S. Patent No. 9,940,459.

33.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

34.     A judicial declaration is necessary and appropriate so that Forcepoint may ascertain its rights regarding the '844 Patent.

<u>**COUNTERCLAIM V**</u>
<u>**(DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 8,438,386)**</u>

35.     Forcepoint repeats and re-alleges paragraphs 1–34 as if fully set forth herein.

36.     Forcepoint has not infringed and does not infringe any valid and enforceable claim of the '386 patent directly or indirectly, either literally or by application of the doctrine of equivalents. For example, the Accused Products, alone or in combination, do not meet each and every limitation of claim 1 of the '386 Patent because they do not practice "determining if a reputation index for the Internet resource is at or above a threshold value established for the local area network, the reputation index generated from a reputation vector for the Internet resource, the reputation vector comprising . . . response latency.".

37.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant het issuance of a declaratory judgment.

38.     A judicial declaration is necessary and appropriate so that Forcepoint may ascertain its rights regarding the '386 Patent.

39.     Forcepoint is entitled to a declaratory judgment that Forcepoint does not infringe and has not infringed, either directly or indirectly, any valid and enforceable claim of the '386 patent, either literally or under the doctrine of equivalents.

## COUNTERCLAIM VI
### (DECLARATION OF INVALIDITY OF U.S. PATENT NO. 8,438,386)

40.     Forcepoint repeats and re-alleges paragraphs 1–39 as if fully set forth herein.

41.     The claims of the '386 patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

42.     For example, the asserted claims of the '386 Patent are invalid based on, for instance, U.S. Patent No. 8,069,213.

43.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

44.     A judicial declaration is necessary and appropriate so that Forcepoint may ascertain its rights regarding the '386 Patent.

## COUNTERCLAIM VII
### (DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 9,413,721)

45.     Forcepoint repeats and re-alleges paragraphs 1–44 as if fully set forth herein.

46.     Forcepoint has not infringed and does not infringe any valid and enforceable claim of the '721 patent directly or indirectly, either literally or by application of the doctrine of equivalents. For example, the Accused Products, alone or in combination, do not meet each and every limitation of claim 1 of the '721 Patent because they do not practice "receiving additional

information about the first computer object from the first remote computer when the first computer object has not been previously seen.".

47.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant het issuance of a declaratory judgment.

48.     A judicial declaration is necessary and appropriate so that Forcepoint may ascertain its rights regarding the '721 Patent.

49.     Forcepoint is entitled to a declaratory judgment that Forcepoint does not infringe and has not infringed, either directly or indirectly, any valid and enforceable claim of the '721 patent, either literally or under the doctrine of equivalents.

## COUNTERCLAIM VIII
## (DECLARATION OF INVALIDITY OF U.S. PATENT NO.  9,413,721)

50.     Forcepoint repeats and re-alleges paragraphs 1–49 as if fully set forth herein.

51.     The claims of the '721 patent are invalid for failure meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

52.     For example, the asserted claims of the '721 Patent are invalid based on, for instance, U.S. Patent No. 8,881,283.

53.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

54.     A judicial declaration is necessary and appropriate so that Forcepoint may ascertain its rights regarding the '389 Patent.

40

## COUNTERCLAIM IX
## (DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 10,025,928)

55.    Forcepoint repeats and re-alleges paragraphs 1–54 as if fully set forth herein.

56.    Forcepoint has not infringed and does not infringe any valid and enforceable claim of the '928 patent directly or indirectly, either literally or by application of the doctrine of equivalents. For example, the Accused Products, alone or in combination, do not meet each and every limitation of claim 1 of the '928 Patent because they do not practice "sending, by the protection agent, the request to one or more web servers" and/or "receiving, at the protection agent on a remote computer, web content from the one or more web servers, wherein web content comprises data for assembling a web page, and wherein the web content is received in response to the request."

57.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant het issuance of a declaratory judgment.

58.    A judicial declaration is necessary and appropriate so that Forcepoint may ascertain its rights regarding the '928 Patent.

59.    Forcepoint is entitled to a declaratory judgment that Forcepoint does not infringe and has not infringed, either directly or indirectly, any valid and enforceable claim of the '928 patent, either literally or under the doctrine of equivalents.

## COUNTERCLAIM X
## (DECLARATION OF INVALIDITY OF U.S. PATENT NO. 10,025,928)

60.    Forcepoint repeats and re-alleges paragraphs 1–59 as if fully set forth herein.

61.     The claims of the '928 patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

62.     For example, the asserted claims of the '928 Patent are invalid based on, for instance, U.S. Patent No. 8,621,613.

63.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

64.     A judicial declaration is necessary and appropriate so that Forcepoint may ascertain its rights regarding the '928 Patent.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Forcepoint hereby respectfully requests a jury trial on all issues and claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Forcepoint requests the following judgments and seeks the following relief:

(i)     That all claims against Forcepoint be dismissed with prejudice and that all relief requested by Plaintiffs be denied;

(ii)    That a judgment be entered declaring that Forcepoint has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the Asserted Patents, either literally or under the doctrine of equivalents;

(iii)   That a judgment be entered declaring that the claims of the Asserted Patents are invalid and/or unenforceable for failure to comply with the statutory provisions of

Title 35 of the United States Code, including without limitation, one or more of §§ 101, 102, 103, and/or 112;

(iv)    An award of Forcepoint's costs as the prevailing party;

(v)    That a judgment be entered declaring that this case is exceptional under 35 U.S.C. § 285, and accordingly that Forcepoint is entitled to recover reasonable attorneys' fees and costs on prevailing in this action; and

(vi)    That Forcepoint be awarded such other relief that the Court deems just and proper.

Dated: June 10, 2022                           Respectfully submitted,

                                               /s/ *Kat Li*
                                               Kat Li
                                               Texas State Bar No. 24070142
                                               kat.li@kirkland.com
                                               KIRKLAND & ELLIS LLP
                                               401 Congress Avenue
                                               Austin, TX 78701
                                               United States
                                               Telephone: (512) 678-9100
                                               Facsimile: (512) 678-9101

                                               Adam R. Alper (*pro hac vice pending*)
                                               aalper@kirkland.com
                                               Akshay S. Deoras (*pro hac vice pending*)
                                               adeoras@kirkland.com
                                               KIRKLAND & ELLIS LLP
                                               555 California Street
                                               San Francisco, CA 94104
                                               United States
                                               Telephone: (415) 439-1400
                                               Facsimile: (415) 439-1500

                                               Michael W. De Vries (*pro hac vice pending*)
                                               michael.devries@kirkland.com
                                               KIRKLAND & ELLIS LLP
                                               555 South Flower Street
                                               Los Angeles, CA 90071
                                               United States
                                               Telephone: (213) 680-8400
                                               Facsimile: (213) 680-8500

**CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on June 10, 2022 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ Kat Li
Kat Li