## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| **Webroot, Inc. and Open Text, Inc.,** | |
| **Plaintiffs,** | **Civil Action No.**<br>**6:22-cv-00342-ADA** |
| **v.** | |
| **Forcepoint LLC,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |
| **Forcepoint LLC,** | |
| **Counterclaim-Plaintiff,** | |
| **v.** | |
| **Webroot, Inc., Open Text, Inc., and Open Text Corporation** | |
| **Counterclaim-Defendants.** | |

## COUNTERCLAIM-DEFENDANT OPEN TEXT CORPORATION'S MOTION TO DISMISS COUNTERCLAIM-PLAINTIFF'S DECLARATORY JUDGMENT PATENT CLAIMS

# **Table of Contents**

I.   BACKGROUND ................................................................................................................ 2

II.   LEGAL STANDARD ...................................................................................................... 4

  A.   Rule 12(b)(1) ............................................................................................................ 4

  B.   Rule 12(b)(2) ............................................................................................................ 5

III.   ARGUMENT .................................................................................................................. 7

  A.   Forcepoint's Counterclaims Against OTC Should Be Dismissed Pursuant to Rule
12(b)(1) For Lack of Standing ................................................................................................ 7

  B.   Forcepoint's Counterclaims Against OTC Must Be Dismissed Pursuant to Rule 12(b)(2)
Because the Court Does Not Have Personal Jurisdiction Over OTC for the Patent
Counterclaims. ...................................................................................................................... 10

IV.   CONCLUSION ............................................................................................................. 11

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abraxis Bioscience, Inc. v. Navinta*
  LLC, 625 F.3d 1359 (Fed. Cir. 2010) ...........................................................................9

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
  566 F.3d 1012 (Fed. Cir. 2009) ....................................................................................6

*Beam Laser Sys., Inc. v. Cox Communications, Inc.*,
  117 F.Supp.2d 515 (E.D. Va. 2000) .............................................................................9

*BMC Software Belg., N.V. v. Marchand*,
  83 S.W.3d 789 (Tex. 2002) ...........................................................................................6

*Celgard, LLC v. SK Innovation Co., Ltd.*,
  792 F.3d 1373 (Fed. Cir. 2015) ....................................................................................6

*In re Cray*,
  871 F.3d 1355 (Fed. Cir. 2017) ....................................................................................6

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) ............................................................................................6, 7, 10

*Digitech Image Techs., LLC v. Newegg Inc.*,
  2013 WL 1871513 (C.D. Cal. May 3, 2013) ................................................................9

*Elecs. For Imaging Inc. v. Coyle*,
  340 F.3d 1344 (Fed. Cir. 2003) ....................................................................................7

*Fina Research, S.A. v. Baroid Ltd.*,
  141 F.3d 1479 (Fed. Cir. 1998) .................................................................................5, 8

*Jackson v. Tanfoglio Giuseppe S.R.L.*,
  615 F.3d 579 (5th Cir. 2010) .....................................................................................6, 7

*Maryland Cas. Co. v. Pac. Coal & Oil Co.*,
  312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941) .......................................................5

*MedImmune, Inc. v. Genentech, Inc.*,
  549 U.S. 118, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007) ...............................................5

*Merial Ltd. v. Intervet, Inc.*,
  430 F.Supp.2d 1357 (N.D. Ga. 2006) ..........................................................................9

*Midwest Indus., Inc. v. Karavan Trailers, Inc.,*
    175 F.3d 1356 (Fed. Cir. 1999)..................................................................................6

*Monolithic Power Systems, Inc. et al v. Meraki Integrated Circuit (Shenzhen)*
    *Technology, Ltd. et al.,*
    6-20-cv-00876 (WDTX March 25, 2022) ..............................................................10

*Morrow v. Microsoft Corp.,*
    499 F.3d 1332 (Fed. Cir. 2007)..................................................................................8

*Newmatic Sound Sys., Inc., v. Magnacoustics, Inc.,*
    No. C 10-00129-JSW, 2010 WL 1691862 (N.D. Cal. Apr. 23, 2010) ....................9

*Nuance Commc'ns, Inc. v. Abbyy Software House,*
    626 F.3d 1222 (Fed. Cir. 2010)..................................................................................7

*Odyssey Marine Exploration, Inc. v. Unidentified, Shipwrecked Vessel or Vessels,*
    512 Fed. Appx. 890 (11th Cir. 2013) ........................................................................5

*Owen Equip. & Erection Co. v. Kroger,*
    437 U.S. 365 (1978)...................................................................................................4

*Pandrol USA, LP v. Airboss Ry. Prods., Inc.,*
    320 F.3d 1354 (Fed. Cir. 2003)..................................................................................5

*Patterson v. Aker Sols. Inc.,*
    826 F.3d 231 (5th Cir. 2016) .....................................................................................6

*Pieczenik v. Dyax Corp.,*
    265 F.3d 1329 (Fed. Cir. 2001)................................................................................11

*Prasco, LLC v. Medicis Pharm. Corp.,*
    537 F.3d 1329 (Fed. Cir. 2008)..................................................................................8

*Sicom Sys. Ltd. v. Agilent Techs., Inc.,*
    427 F.3d 971 (Fed. Cir. 2005)....................................................................................8

*Site Microsurgical Sys., Inc. v. Cooper Cos.,*
    797 F.Supp.2d 333 (D. Del. 1992).............................................................................9

*Skelly Oil Co. v. Phillips Petroleum Co.,*
    339 U.S. 667 (1950)...................................................................................................8

*Slyce Acquisition Inc. v. Syte - Visual Conception Ltd. et al.,*
    6-19-cv-00257 (WDTX October 22, 2019) ............................................................10

*Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc.*,
620 F.3d 1305 (Fed. Cir. 2010), *abrogated on other grounds* by *Halo Elecs.,
Inc. v. Pulse Elecs., Inc.*, 136 S.Ct. 1923 (2016) ........................................................9

*Spokeo, Inc. v. Robins*,
136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016) ...............................................................4

*Steel Co. v. Citizens for a Better Env't*,
523 U.S. 83, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998) ...........................................4

*The Trustees of Purdue University v. STMicroelectronics NV et al 6-21-cv-00727*
(WDTX Apr. 27, 2022) .............................................................................................7

*Thiam v. T-Mobile USA, Inc.*,
No. 4:19-CV-00633, 2021 WL 1550814 (E.D. Tex. Apr. 20, 2021) .......................6, 7

*Top Victory Electronics v. Hitachi Ltd.*,
2010 WL 4722482 (N.D. Cal. Nov. 15, 2010) ............................................................9

*Town of Chester v. Laroe Estates, Inc.*,
137 S. Ct. 1645, 198 L. Ed. 2d 64 (2017) .................................................................4

*U.S. Fire Ins. Co. v. Caulkins Indiantown Citrus Co.*,
931 F.2d 744 (11th Cir. 1991) ...................................................................................5

*WiAV Sols. LLC v. Motorola, Inc.*,
631 F.3d 1257 (Fed. Cir. 2010)..................................................................................5

*Wilson v. Belin*,
20 F.3d 644 (5th Cir. 1994) .......................................................................................7

**Statutes**

28 U.S.C.A. § 2201 ...........................................................................................................5

35 U.S.C. § 281 (2006) .....................................................................................................8

Declaratory Judgment Act ..........................................................................................3, 5, 8

Patent Act...........................................................................................................................9

**Other Authorities**

Corporate Disclosure Statement, ECF 17 .........................................................................3

Fed. Rule Civ. Proc. 4(k)(1)(A) .......................................................................................6

Rule 12 ..............................................................................................................................1

Rule 12(b)(1)................................................................................................................1, 4, 7

Rule 12(b)(2)..............................................................................................................1, 5, 10

U.S. Constitution Article III..........................................................................................1, 4

U.S. Patent No. 8,438,386..................................................................................................2

U.S. Patent No. 8,726,389..................................................................................................2

U.S. Patent No. 9,413,721..................................................................................................2

U.S. Patent No. 10,025,928................................................................................................2

U.S. Patent No. 10,859,844................................................................................................2

**Suspects**

*id*. at ¶¶40, 55, 64, 71, and 79........................................................................................2

*Id*. at 11.............................................................................................................................4

326 U.S. at 316.................................................................................................................11

Counterclaim-Defendant Open Text Corporation ("OTC") moves pursuant to Rule 12 to dismiss Forcepoint LLC's ("Forcepoint") declaratory judgment counterclaims (Counterclaims I-X) that the Asserted Patents are not infringed and are invalid. OTC is not a proper party for these counterclaims. Forcepoint does not allege that OTC owns or is an exclusive licensee of any of the Asserted Patents. Rather, the complaint allegations state that the asserted patents are owned by (Webroot, Inc. ("Webroot")), and that Open Text, Inc. ("OTI")—a separate U.S. entity—is the exclusive licensee. OTC is a separate entity that is the ultimate corporate parent of Webroot and OTI. OTC's corporate parent status does not establish a case or controversy under Article III of the U.S. Constitution. OTC therefore moves to dismiss the patent counterclaims against it pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction because there is no case or controversy between OTC and Forcepoint.[1]

OTC further moves to dismiss the counterclaims against it pursuant to Rule 12(b)(2) for lack of personal jurisdiction. Forcepoint admits that OTC is a Canadian corporation with its principal place of business in Canada. It is therefore not subject to general jurisdiction in Texas. Even accepting as true Forcepoint's allegations concerning specific jurisdiction—that OTC regularly conducts business, maintains offices and employees, and has a data center in Texas— those alleged activities are wholly irrelevant to infringement and validity of the patents asserted ***against*** Forcepoint and therefore do not give rise to any of the patent counterclaims.

---

[1] Forcepoint has not served OTC—a non-party to the original complaint—with its counterclaims, which confirms that even Forcepoint does not believe it needs OTC as a party in this case.

## I.      BACKGROUND

Plaintiffs Webroot and OTI allege that Forcepoint infringes five U.S. Patents: U.S. Patent U.S. Patent No. 8,726,389 (the "'389 Patent"); U.S. Patent No. 10,859,844 (the "'844 Patent"); U.S. Patent No. 9,413,721 the "'721 Patent"); U.S. Patent No. 10,025,928 (the "'928 Patent"); and U.S. Patent No. 8,438,386 (the "'386 Patent") (collectively "Asserted Patents") (Complaint, ECF 1, at ¶13). These patented technologies helped to revolutionize, and have become widely adopted in, the fields of malware detection, network security, and endpoint protection. (Complaint, ECF 1 at ¶1.) OTC was not a Plaintiff in the original Complaint and was therefore not a party to this litigation prior to Forcepoint's Answer and Counterclaims. (ECF 26.)

The Complaint includes the following allegations concerning the ownership and licensing status for the Asserted Patents:

- "Plaintiff Webroot, Inc., is the owner by assignment of each of the Asserted Patents." (Complaint, ECF 1, at ¶18.)

- "Plaintiff Open Text Inc. holds an exclusive license to the Asserted Patents." (Complaint, ECF 1, at ¶21.)

- "Plaintiff [OTI] owns by assignment the entire right, title, and interest in and to the [Asserted Patent]. [OTI] has granted Plaintiff Webroot an exclusive license to the [Asserted Patent]." (Complaint, ECF 1, at ¶¶ 40, 55, 64, 71, and 79.)

In its Answer, Forcepoint denied the above allegations because it "lacks knowledge or information sufficient to form a belief as to the truth of the allegations." (Answer, ECF 26, at ¶¶ 18, 21;[2] *see also id.* at ¶¶40, 55, 64, 71, and 79 (including similar language).) Forcepoint has not alleged that there was another owner or exclusive licensee of the Asserted Patents—including OTC—or provided any other reason for denying these allegations.

---

[2] Forcepoint's Answer is on pages 1-33 of ECF 26. ("Answer").

In its Counterclaims, Forcepoint asserted ten counterclaims (Counterclaims I-X). (Counterclaims, ECF 26 at ¶¶ 15-64.)[3]  Forcepoint premises jurisdiction over each counterclaim on the patent laws of the United States and the Declaratory Judgment Act.  (ECF 26 at ¶6.)  Each counterclaim seeks as relief a declaratory judgment that one of the Asserted Patents is not infringed or is invalid. (Counterclaims, ECF 26, at ¶¶ 15-64).

Forcepoint's counterclaims do not include any allegations of patent ownership or exclusive licenses. (Counterclaims, ECF 26). In particular, Forcepoint did not allege that OTC has any ownership interest in, or has an exclusive license to practice, any of the Asserted Patents. Forcepoint only alleges that "Webroot and Open Text, Inc. are subsidiaries of Open Text Corp., a publicly traded company." (Counterclaims, ECF 26, at ¶5.)[4]

Forcepoint alleges that OpenText Corp. is a Canadian corporation with its principal place of business at 275 Frank Tompa Drive, Waterloo, Ontario, Canada N2L 0A1. (Counterclaims, ECF 26, at ¶4.) Forcepoint also alleges that venue is proper in this District for OTC "because Open Text Corp. is a foreign corporation and may be sued in any district in the United States, including this District." (Counterclaims, ECF 26, at ¶14.)

Forcepoint's allegations concerning OTC's alleged contacts with this forum and the State of Texas are:[5]

- The Court has personal jurisdiction over Open Text Corp. at least because it regularly conducts business in the State of Texas and in this District. (*Id*. at ¶9.)

---

[3] Forcepoint's Counterclaims are on pages 34-43 of ECF 26. ("Counterclaims").
[4] To be precise, Plaintiff Webroot, Inc. "is a wholly owned direct subsidiary of Carbonite, Inc., which is a wholly owned indirect subsidiary of Open Text Corporation, a publicly traded company" and Plaintiff Open Text Inc. "is a wholly owned direct subsidiary of Open Text Holdings, Inc., which is a wholly owned indirect subsidiary of Open Text Corporation." (Corporate Disclosure Statement, ECF 17.) OTC is a publicly traded company. (*Id*.)
[5] Although not relevant for the purposes of this motion, Forcepoint's allegations generally describe OTI's—not OTC's—contacts with this District and the State of Texas. (Complaint, ECF 1, at ¶22.)

- Open Text Corp. maintains three offices in the State of Texas, two of which are located in this Judicial District, including the Austin office and San Antonio office. (*Id*. at ¶10.)

- Over 60 employees work in Open Text Corp.'s Austin office, including employees in engineering, customer support, legal and compliance teams, IT, and corporate development. (*Id*. at 11.)

- Open Text Corp.'s Austin office hosts one of Open Text Corp.'s data centers. (*Id*. at ¶12.)

## II.   LEGAL STANDARD

### A.   **Rule 12(b)**(1)

Rule 12(b)(1) allows this Court to dismiss a claim for lack of subject matter jurisdiction. "It is a fundamental principle that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "The law of Article III standing, which is built on separation-of-powers principles, serves to prevent the judicial process from being used to usurp the powers of the political branches." *Town of Chester v. Laroe Estates, Inc*., 137 S. Ct. 1645, 1650, 198 L. Ed. 2d 64 (2017). To have standing, Forcepoint "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016). "Th[at] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement," and Forcepoint, as "the party invoking federal jurisdiction[,] bears the burden of establishing its existence." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103–04, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998) (footnote omitted). "Standing to sue or defend is an aspect of the case-or-controversy requirement," *id*., and

litigants can raise defects in standing as a basis for dismissal at any stage of a lawsuit. *Pandrol USA, LP v. Airboss Ry. Prods., Inc*., 320 F.3d 1354, 1367 (Fed. Cir. 2003).[6]

The Declaratory Judgment Act states, in pertinent part, "[i]n a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C.A. § 2201. The Act confers jurisdiction only "[i]n a case of actual controversy." *Id*. This actual controversy requirement "is jurisdictional and, thus, 'a threshold question in an action for declaratory relief must be whether a justiciable controversy exists.'" *Odyssey Marine Exploration, Inc. v. Unidentified, Shipwrecked Vessel or Vessels*, 512 Fed. Appx. 890, 895 (11th Cir. 2013) (quoting *U.S. Fire Ins. Co. v. Caulkins Indiantown Citrus Co*., 931 F.2d 744, 747 (11th Cir. 1991)).

For declaratory actions, the proper test is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc*., 549 U.S. 118, 127, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007) (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co*., 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941)). "The declaratory judgment plaintiff bears the burden of proving that there is an actual controversy." *Fina Research, S.A. v. Baroid Ltd*., 141 F.3d 1479, 1481 (Fed. Cir. 1998).

B.      Rule 12(b)(2)

---

[6] Federal Circuit law governs an entity's constitutional standing in a patent infringement action. *WiAV Sols. LLC v. Motorola, Inc*., 631 F.3d 1257, 1263 (Fed. Cir. 2010).

Rule 12(b)(2) requires a court to dismiss a claim if the court does not have personal jurisdiction over the defendant. The plaintiff has the burden of establishing jurisdiction. *Patterson v. Aker Sols. Inc*., 826 F.3d 231, 233 (5th Cir. 2016). When a court assesses a non-resident defendant's challenge to personal jurisdiction without holding an evidentiary hearing, the plaintiff bears the burden of presenting "sufficient facts" for a *prima facie* case of personal jurisdiction. *Thiam v. T-Mobile USA, Inc*., No. 4:19-CV-00633, 2021 WL 1550814, at *1 (E.D. Tex. Apr. 20, 2021); *Celgard, LLC v. SK Innovation Co., Ltd*., 792 F.3d 1373, 1378 (Fed. Cir. 2015).

In matters unique to patent law, Federal Circuit law—rather than the law of the regional circuit—applies. *See In re Cray*, 871 F.3d 1355, 1360 (Fed. Cir. 2017) (citing *Midwest Indus., Inc. v. Karavan Trailers, Inc*., 175 F.3d 1356, 1359 (Fed. Cir. 1999)). The Federal Circuit has concluded that whether this Court has personal jurisdiction is an issue governed by Federal Circuit law. *Autogenomics, Inc. v. Oxford Gene Tech. Ltd*., 566 F.3d 1012, 1016 (Fed. Cir. 2009).

Establishing *in personam* jurisdiction in a federal question case is a two-step inquiry. First, a court asks whether a defendant is subject to the jurisdiction of a state court of general jurisdiction under state law. Fed. Rule Civ. Proc. 4(k)(1)(A). This requires measuring the reach of the long-arm statute of the state in which the federal court sits. *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). Second, the court asks if the exercise of personal jurisdiction would exceed the limitations of due process. *Id*. Since the Texas long-arm statute extends to the limits of due process, *see BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002), the Court need only focus on the due process aspects of the personal jurisdiction question, *see Jackson v. Tanfoglio Giuseppe S.R.L*., 615 F.3d 579, 584 (5th Cir. 2010).

The constitutional inquiry requires the court to consider (1) whether a defendant has purposefully availed itself of the protections and benefits of the forum state by establishing

"minimum contacts" with the state, and (2) whether the exercise of jurisdiction comports with traditional notions of "fair play and substantial justice." *Tanfoglio*, 615 F.3d at 584. Minimum contacts are satisfied by contacts creating either general or specific jurisdiction. *Thiam*, 2021 WL 1550814, at *2 (citing *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)).

A corporation is only subject to general jurisdiction when its contacts with the state are so "continuous and systematic" they render it "essentially at home" in the forum state. *Daimler AG*, 571 U.S. at 138–39. Ordinarily, a corporation is only subject to general jurisdiction where it is incorporated or has its principal place of business. *The Trustees of Purdue University v. STMicroelectronics NV et al 6-21-cv-00727*, at *4 (WDTX Apr. 27, 2022) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 139 n.19 (2014)).

"The Federal Circuit applies a three-prong test to determine if specific jurisdiction exists: (1) whether the defendant purposefully directed activities at residents of the forum; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair." *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010). The plaintiff has the burden to show minimum contacts exist under the first two prongs, but the defendant has the burden of proving the exercise of jurisdiction would be unreasonable under the third. *Elecs. For Imaging Inc. v. Coyle*, 340 F.3d 1344, 1350 (Fed. Cir. 2003).

## III.    ARGUMENT

### A.    Forcepoint's Counterclaims Against OTC Should Be Dismissed Pursuant to Rule 12(b)(1) For Lack of Standing

Forcepoint's counterclaims against OTC for a declaration that the Asserted Patents are not infringed or are invalid must be dismissed because OTC does not own or otherwise have sufficient

rights to, the Asserted Patents. Forcepoint's counterclaims thus identify no case-or-controversy that involves OTC, and this Court should dismiss Forcepoint's declaratory judgment counterclaims against OTC for lack of standing.

For a plaintiff to have standing in a declaratory action involving allegations of patent infringement, the defendant must have a legal right in the patent at issue that would allow the defendant to bring suit for infringement. *See Fina Research, S.A. v. Baroid Ltd*., 141 F.3d 1479, 1481 (Fed. Cir. 1998). Only patentees, assignees, and exclusive licenses have standing to bring a suit for infringement. *See* 35 U.S.C. § 281 (2006); *Morrow v. Microsoft Corp*., 499 F.3d 1332, 1339-40 (Fed. Cir. 2007) (describing types of standing in patent infringement suits); *Sicom Sys. Ltd. v. Agilent Techs., Inc*., 427 F.3d 971, 976 (Fed. Cir. 2005). Similar rules govern declaratory judgment actions because the Declaratory Judgment Act does not confer an independent basis for subject matter jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co*., 339 U.S. 667, 671-72 (1950). A declaratory judgment plaintiff may rely on the Declaratory Judgment Act only if the court otherwise has jurisdiction over the underlying dispute. *Prasco, LLC v. Medicis Pharm. Corp*., 537 F.3d 1329, 1335 (Fed. Cir. 2008)

Forcepoint pleads no allegations in its counterclaims that plausibly establish that OTC has any legal rights in the Asserted Patents at all, let alone that it is a patentee, assignee, or exclusive licensee. In fact, the only allegations in the pleadings concerning ownership of the Asserted Patents are in the Complaint, where Webroot is alleged to be the owner and OTI is alleged to be the exclusive licensee. (Complaint, ECF 1, at ¶¶18, 21, 40, 55, 64, 71, and 79.) The Federal Circuit has found "no actual controversy between [parties] that would support jurisdiction under the Declaratory Judgment Act," and thus no standing, where defendants in a declaratory action have "no legal interest [in the patents at issue] and therefore could not bring suit for patent

infringement." *Fina Research*, 141 F.3d at 1480–81 (summarizing a nonprecedential decision); *see also Newmatic Sound Sys., Inc., v. Magnacoustics, Inc*., No. C 10-00129-JSW, 2010 WL 1691862 at \*2-\*3 (N.D. Cal. Apr. 23, 2010) (dismissing declaratory judgment action originally filed against a party that did not own the patent-in-suit).

Forcepoint's allegation that "Webroot and Open Text, Inc. are subsidiaries of Open Text Corp., a publicly traded company" does not establish standing. (Counterclaims, ECF 26, at ¶5.) Indeed, "[t]he fact that a corporate parent's subsidiary owns a patent is not enough to establish that the parent has a legal ownership interest in the subsidiary's patent." *Digitech Image Techs., LLC v. Newegg Inc*., 2013 WL 1871513, at \*4 (C.D. Cal. May 3, 2013); *Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc*., 620 F.3d 1305, 1317–18 (Fed. Cir. 2010), *abrogated on other grounds* by *Halo Elecs., Inc. v. Pulse Elecs., Inc*., 136 S.Ct. 1923 (2016) (holding that where nothing in the record indicated that the parent was an exclusive licensee of the patent, the court could not exercise jurisdiction over the parent); *Top Victory Electronics v. Hitachi Ltd*., 2010 WL 4722482, at \*4 (N.D. Cal. Nov. 15, 2010) (the fact that the companies are "closely intertwined by virtue of their parent/subsidiary relationship" is insufficient to establish standing); *Merial Ltd. v. Intervet, Inc*., 430 F.Supp.2d 1357, 1361–63 (N.D. Ga. 2006) ("standing under the Patent Act cannot be based on the mere fact that [the subsidiary] is a wholly-owned subsidiary of [the parent company]"); *Beam Laser Sys., Inc. v. Cox Communications, Inc*., 117 F.Supp.2d 515, 521 (E.D. Va. 2000) (ownership of corporate stock does not create equitable title in that corporation's property); *Site Microsurgical Sys., Inc. v. Cooper Cos*., 797 F.Supp.2d 333, 338 (D. Del. 1992) (finding mere fact of a parent-subsidiary relationship did not confer standing on parent; *see also Abraxis Bioscience, Inc. v. Navinta* LLC, 625 F.3d 1359, 1366 (Fed. Cir. 2010).

Accordingly, Forcepoint has not established standing with respect to its counterclaims for declaratory relief on the asserted Patents against OTC and the claims asserted against OTC should be dismissed.

### B. Forcepoint's Counterclaims Against OTC Must Be Dismissed Pursuant to Rule 12(b)(2) Because the Court Does Not Have Personal Jurisdiction Over OTC for the Patent Counterclaims.

Forcepoint's counterclaims fail to establish that this Court has general jurisdiction or specific jurisdiction over OTC with respect to the asserted counterclaims.  No general jurisdiction exists because OTC does not "reside" in Texas. Forcepoint's own allegations establish this. Forcepoint alleges that OTC is a Canadian company with its principal place of business at 275 Frank Tompa Drive, Waterloo, Ontario, Canada N2L 0A1. (Counterclaims, ECF 26, at ¶4.) Moreover, the contacts Forcepoint alleges (Counterclaims, ECF 26, at ¶¶9-12)—even if accepted as true (which they are not)[7]—are insufficient to "suggest that this was an 'exceptional case' in which 'a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State.'" *Monolithic Power Systems, Inc. et al v. Meraki Integrated Circuit (Shenzhen) Technology, Ltd. et al*., 6-20-cv-00876 (WDTX March 25, 2022) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 139 n.19 (2014).); *see also Slyce Acquisition Inc. v. Syte - Visual Conception Ltd. et al*., 6-19-cv-00257 at *8-9 (WDTX October 22, 2019) (conducting a specific jurisdiction anlaysis even though the accused infringer had eighty-four stores and its largest distribution and online fulfillment center in the United States located in Texas).

---

[7] The allegations describe Plaintiff OTI's contacts with the forum, not OTCs. (Complaint, ECF 1, at ¶22.)

Forcepoint has also failed to establish that this Court has specific jurisdiction over OTC with respect to its declaratory judgment counterclaims for patent non-infringement and invalidity. Forcepoint makes no specific allegations that OTC has engaged in any conduct or has any contacts with the forum with respect to any of the Asserted Patents. As discussed above, Forcepoint does not allege that OTC owns, is an exclusive licensee or otherwise has any interest in the Asserted Patents that would enable OTC to maintain a claim that Forcepoint infringes any of these patents. The only contacts Forcepoint alleges concerning OTC have nothing to do with the Asserted Patents or Forcepoint's infringement of them. Thus, even accepting Forcepoint's allegations concerning OTC's contacts with Texas as true (they are not), Forcepoint's declaratory judgment counterclaims for no infringement and invalidity of the OTI/Webroot patents do not arise out of the alleged OTC contacts with this forum. *See Pieczenik v. Dyax Corp.*, 265 F.3d 1329, 1334 (Fed. Cir. 2001). Thus, subjecting OTC to suit here—particularly considering it does not have an ownership interest in the patents—would "offend traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316.

## IV.     CONCLUSION

For the foregoing reasons, Forcepoint's patent counterclaims (Counterclaims I-X) should be dismissed as to OTC.

DATED: July 1, 2022                              Respectfully submitted

                                                 */s/ Jeffrey D. Mills*
                                                 JEFFREY D. MILLS
                                                   jmills@kslaw.com
                                                 KING & SPALDING LLP
                                                 500 W. 2nd Street, Suite 1800
                                                 Austin, TX 78701
                                                 Telephone: (512) 457-2027
                                                 Telecopier: (202) 626-3737

CHRISTOPHER C. CAMPBELL
  ccampbell@kslaw.com
PATRICK M. LAFFERTY
  plafferty@kslaw.com
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 737-0500
Telecopier: (202) 626-3737

BRIAN J. EUTERMOSER
  beutermoser@kslaw.com
BRITTON F. DAVIS
  bfdavis@kslaw.com
KING & SPALDING LLP
1401 Lawrence Street, Suite 1900
Denver, Colorado 80202
Telephone: (720) 535-2300
Telecopier: (720) 535-2400

STEVEN ROBERT SPRINKLE
  ssprinkle@sprinklelaw.com
SPRINKLE IP LAW GROUP
1301 W. 25th Street, Suite 408
Austin, Texas 78705
Telephone: (512) 637-9221
Telecopier: (512) 371-9088

MARK D. SIEGMUND
  mark@swclaw.com
STECKLER WAYNE
CHERRY & LOVE, PLLC
8416 Old McGregor Rd.
Waco, Texas 76712
Telephone: (254) 651-3690
Telecopier: (254) 651-3689
*Counsel for Webroot, Inc. and Open Text, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that all counsel of record as being served with a copy of the foregoing document via the court's CM/ECF system on July 1, 2022.

*/s/ Jeffrey D. Mills*
Jeffrey D. Mills

**<u>CERTIFICATE OF CONFERENCE</u>**

I hereby certify that counsel for Counterclaim-Defendant has conferred with counsel for Counterclaim-Plaintiff regarding the relief requested in this motion. Specifically, June 30, 2022, Counterclaim-Defendant confirmed via teleconference that it opposed this motion and the requested relief.

*/s/ Jeffrey D. Mills*
Jeffrey D. Mills

13