**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| WEBROOT, INC. and OPEN TEXT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> FORCEPOINT LLC, <br><br> Defendant. | Civil Action No. 6:22-CV-00342 <br><br> JURY TRIAL DEMANDED |
| FORCEPOINT LLC, <br><br> Counterclaim-Plaintiff, <br><br> v. <br><br> WEBROOT, INC., OPEN TEXT, INC. and OPEN TEXT CORPORATION, <br><br> Counterclaim-Defendants. | |

**PLAINTIFFS' AND OPEN TEXT CORPORATION'S ANSWER
TO FORCEPOINT LLC'S COUNTERCLAIMS**

Plaintiffs Webroot, Inc. ("Webroot") and Open Text, Inc. ("OTI") (collectively, "Plaintiffs") and Open Text Corporation ("OTC") (together, "Counterclaim Defendants") state the following as their Answer to the Amended Counterclaims of Defendant Forcepoint LLC ("Forcepoint" or "Defendants") filed on July 14, 2022 (Dkt. 35). Each paragraph of the Answer below responds to the corresponding numbered or lettered paragraph of the Counterclaims. All allegations not expressly admitted herein are denied.

Plaintiffs and OTC also expressly deny, and reserve the right to challenge, that OTC is a proper party or is properly joined pursuant to Rules 13 and 20(a) of the Federal Rules of Civil

Procedure. Plaintiffs and OTC also expressly deny, and reserve the right to challenge, that this Court has personal jurisdiction over OTC or that venue is proper. Plaintiffs also object to the ambiguity created by Forcepoint referring to OTC and OTI collectively as "OpenText."

## COUNTERCLAIMS

1.      Plaintiffs and OTC admit that Forcepoint has a place of business at 10900-A Stonelake Blvd., Quarry Oaks 1, Ste 350, Austin, TX 78759 and lack sufficient knowledge to form a belief regarding the truth of the remaining allegations in this paragraph and therefore deny them.

2.      Plaintiffs and OTC admit that Webroot is a corporation organized and existing under the laws of Delaware with an office at 385 Interlocken Crescent Suite 800 Broomfield, CO 80021, and deny the remainder of this allegation.

3.      Plaintiffs and OTC admit that OTI is a corporation organized and existing under the laws of Delaware with business offices in Texas, in this district and at Suites 301&302, 2440 Sand Hill Road, Menlo Park, CA 94025, and deny the remainder of this allegation.

4.      Plaintiffs and OTC admit that OTC is a corporation organized and existing under the laws of Ontario, Canada with an office at 275 Frank Tompa Dr. Waterloo ON, N2L 0A1, and deny the remainder of this allegation.

5.      Plaintiffs and OTC admit that Webroot, Inc is a wholly owned direct subsidiary of Carbonite, Inc., which is a wholly owned indirect subsidiary of Open Text Corporation, a publicly traded company. Plaintiffs also admit that Open Text Inc. is a wholly owned direct subsidiary of Open Text Holdings, Inc., which is a wholly owned indirect subsidiary of Open Text Corporation, a publicly traded company. Otherwise, denied.

## JURISDICTION AND VENUE

6.      Plaintiffs and OTC admit that Forcepoint alleges its counterclaims arise under Title 35 of the United States Code and deny the remainder of this paragraph.

7.      Plaintiffs and OTC admit that Forcepoint alleges this Court has subject matter jurisdiction over Forcepoint's patent infringement claims pursuant to 28 USC §§ 1331 and 1338 and deny the remainder of this paragraph.

8.      Denied.

9.      Denied.

10.     Denied.

11.     Denied.

12.     Denied.

13.     Plaintiffs and OTC admit that this Court has specific personal jurisdiction over Open Text Inc. and Webroot as to the claims raised in Plaintiffs' complaint and deny the remainder of this allegation.

14.     Denied.

15.     To the extent the allegations in Paragraph 15 purport to characterize Ex. 27, the document speaks for itself. Otherwise denied.

16.     To the extent the allegations in Paragraph 16 purport to characterize Ex. 28, the document speaks for itself. Otherwise denied.

17.     Plaintiffs and OTC admit that Webroot and Open Text, Inc. filed a complaint for patent infringement in this district and deny any remaining allegations in this paragraph.

18.     Plaintiffs and OTC admit that OTC is a foreign corporation and, to the extent a response is required for the remaining allegations, deny the remaining allegations of this paragraph.

## BACKGROUND

19.     Plaintiffs and OTC lack sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph and therefore deny them.

20.     Plaintiffs and OTC admit that Forcepoint was previously known as Websense, Inc. Plaintiffs and OTC lack sufficient knowledge to form a belief regarding the truth of the remaining allegations in this paragraph and therefore deny them.

21.     Plaintiffs and OTC lack sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph and therefore deny them.

22.     Plaintiffs and OTC lack sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph and therefore deny them.

### OpenText and Webroot

23.     Denied.

24.     Denied.

## COUNTERCLAIM-DEFENDANTS' ACCUSED PRODUCTS

25.     Denied.

## FORCEPOINT'S PATENTS

### U.S. Patent No. 7,194,464

26.     Plaintiffs and OTC admit that the face of the Exhibit 1 to Forcepoint's Counterclaims appears to be a copy of U.S. Patent No. 7,194,464, that the face of Exhibit 1 identifies March 20, 2007 as the date of issuance, and that the face of Exhibit 1 bears a title of

"System and Method for Adapting An Internet Filter." Plaintiffs and OTC deny the remaining allegations of this paragraph.

27.     Plaintiffs and OTC lack sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph and therefore deny them.

28.     Plaintiffs and OTC lack sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph and therefore deny them.

29.     Plaintiffs and OTC lack sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph and therefore deny them.

30.     Plaintiffs and OTC lack sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph and therefore deny them.

31.     Denied.

<u>U.S. Patent No. 8,938,773</u>

32.     Plaintiffs and OTC admit that the face of the Exhibit 2 to Forcepoint's Counterclaims appears to be a copy of U.S. Patent No. 8,938,773, that the face of Exhibit 2 identifies January 20, 2015 as the date of issuance, and that the face of Exhibit 2 bears a title of "System and Method for Adding Context to Prevent Data Leakage over a Computer Network." Plaintiffs and OTC deny the remaining allegations of this paragraph.

33.     Plaintiffs and OTC lack sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph and therefore deny them.

34.     Plaintiffs and OTC lack sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph and therefore deny them.

35.     Plaintiffs and OTC lack sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph and therefore deny them.

36.     Denied.

U.S. Patent No. 8,978,140

37.     Plaintiffs and OTC admit that the face of the Exhibit 3 to Forcepoint's Counterclaims appears to be a copy of U.S. Patent No. 8,978,140, that the face of Exhibit 3 identifies March 10, 2015 as the date of issuance, and that the face of Exhibit 3 bears a title of "System and Method of Analyzing Web Content." Plaintiffs and OTC deny the remaining allegations of this paragraph.

38.     Plaintiffs and OTC lack sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph and therefore deny them.

39.     Plaintiffs and OTC lack sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph and therefore deny them.

40.     Plaintiffs and OTC lack sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph and therefore deny them.

41.     Denied.

U.S. Patent No. 9,609,001

42.     Plaintiffs and OTC admit that the face of the Exhibit 4 to Forcepoint's Counterclaims appears to be a copy of U.S. Patent No. 9,609,001, that the face of Exhibit 4 identifies March 28, 2017 as the date of issuance, and that the face of Exhibit 4 bears a title of "System and Method for Adding Context to Prevent Data Leakage over a Computer Network." Plaintiffs and OTC deny the remaining allegations of this paragraph.

43.     Plaintiffs and OTC lack sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph and therefore deny them.

44.     Plaintiffs and OTC lack sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph and therefore deny them.

45.     Plaintiffs and OTC lack sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph and therefore deny them.

46.     Denied.

<u>U.S. Patent No. 9,654,495</u>

47.     Plaintiffs and OTC admit that the face of the Exhibit 5 to Forcepoint's Counterclaims appears to be a copy of U.S. Patent No. 9,654,495, that the face of Exhibit 5 identifies May 16, 2017 as the date of issuance, and that the face of Exhibit 5 bears a title of "System and Method of Analyzing Web Addresses." Plaintiffs and OTC deny the remaining allegations of this paragraph.

48.     Plaintiffs and OTC lack sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph and therefore deny them.

49.     Plaintiffs and OTC lack sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph and therefore deny them.

50.     Denied.

**COUNTERCLAIM I**
**(DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 8,726,389)**

51.     Plaintiffs and OTC repeat their Answers set forth in the forgoing paragraphs for each of the allegations realleged in this paragraph.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

**COUNTERCLAIM II**
**(DECLARATION OF INVALIDITY OF U.S. PATENT NO. 8,726,389)**

56.     Plaintiffs and OTC repeat their Answers set forth in the forgoing paragraphs for each of the allegations realleged in this paragraph.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

**COUNTERCLAIM III**
**(DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 10,599,844)**

61.     Plaintiffs and OTC repeat their Answers set forth in the forgoing paragraphs for each of the allegations realleged in this paragraph.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

**COUNTERCLAIM IV**
**(DECLARATION OF INVALIDITY OF U.S. PATENT NO. 10,599,844)**

66.     Plaintiffs and OTC repeat their Answers set forth in the forgoing paragraphs for each of the allegations realleged in this paragraph.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

**COUNTERCLAIM V**
**(DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 8,438,386)**

71.     Plaintiffs and OTC repeat their Answers set forth in the forgoing paragraphs for each of the allegations realleged in this paragraph.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

**COUNTERCLAIM VI**
**(DECLARATION OF INVALIDITY OF U.S. PATENT NO. 8,438,386)**

76.     Plaintiffs and OTC repeat their Answers set forth in the forgoing paragraphs for each of the allegations realleged in this paragraph.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

**COUNTERCLAIM VII**
**(DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 9,413,721)**

81.     Plaintiffs and OTC repeat their Answers set forth in the forgoing paragraphs for each of the allegations realleged in this paragraph.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

**COUNTERCLAIM VIII**
**(DECLARATION OF INVALIDITY OF U.S. PATENT NO. 9,413,721)**

86.     Plaintiffs and OTC repeat their Answers set forth in the forgoing paragraphs for each of the allegations realleged in this paragraph.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied.

**COUNTERCLAIM IX**
**(DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 10,025,928)**

91.     Plaintiffs and OTC repeat their Answers set forth in the forgoing paragraphs for each of the allegations realleged in this paragraph.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

**COUNTERCLAIM X**
**(DECLARATION OF INVALIDITY OF U.S. PATENT NO. 10,025,928)**

96.     Plaintiffs and OTC repeat their Answers set forth in the forgoing paragraphs for each of the allegations realleged in this paragraph.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Denied.

## COUNTERCLAIM XI
## (ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,194,464)

101.    Plaintiffs and OTC repeat their Answers set forth in the forgoing paragraphs for each of the allegations realleged in this paragraph.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Plaintiffs and OTC admit that claim 1 of the '464 patent appears to be copied in this paragraph. Otherwise, denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Plaintiffs and OTC admit that Plaintiffs were notified of the '464 Patent at the time they were served with the Counterclaims, otherwise denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

## COUNTERCLAIM XII
## (ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,938,773)

120.    Plaintiffs and OTC repeat their Answers set forth in the forgoing paragraphs for each of the allegations realleged in this paragraph.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Plaintiffs and OTC admit that claim 1 of the '773 patent appears to be copied in this paragraph. Otherwise, denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Plaintiffs and OTC admit that Plaintiffs were notified of the '773 Patent at the time they were served with the Counterclaims, otherwise denied.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Denied.

138.    Denied.

139.    Denied.

140.    Denied.

## COUNTERCLAIM XIII
## (ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,978,140)

141.    Plaintiffs and OTC repeat their Answers set forth in the forgoing paragraphs for each of the allegations realleged in this paragraph.

142.    Denied.

143.    Denied.

144.    Denied.

145.    Denied.

146.    Plaintiffs and OTC admit that claim 1 of the '140 patent appears to be copied in this paragraph. Otherwise, denied.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Denied.

151.    Denied.

152.    Denied.

153.    Denied.

154.    Denied.

155.    Denied.

156.    Denied.

157.    Denied.

158.     Plaintiffs and OTC admit that Plaintiffs were notified of the '140 Patent at the time they were served with the Counterclaims, otherwise denied.

159.     Denied.

160.     Denied.

161.     Denied.

162.     Denied.

163.     Denied.

164.     Denied.

165.     Denied.

166.     Denied.

**COUNTERCLAIM XIV**
**(ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,609,001)**

167.     Plaintiffs and OTC repeat their Answers set forth in the forgoing paragraphs for each of the allegations realleged in this paragraph.

168.     Denied.

169.     Denied.

170.     Denied.

171.     Denied.

172.     Plaintiffs and OTC admit that claim 1 of the '001 patent appears to be copied in this paragraph. Otherwise, denied.

173.     Denied.

174.     Denied.

175.     Denied.

176.     Denied.

177.    Denied.

178.    Denied.

179.    Plaintiffs and OTC admit that Plaintiffs were notified of the '001 Patent at the time
they were served with the Counterclaims, otherwise denied.

180.    Denied.

181.    Denied.

182.    Denied.

183.    Denied.

184.    Denied.

185.    Denied.

186.    Denied.

187.    Denied.

## COUNTERCLAIM XV
## (ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,654,495)

188.    Plaintiffs and OTC repeat their Answers set forth in the forgoing paragraphs for
each of the allegations realleged in this paragraph.

189.    Denied.

190.    Denied.

191.    Denied.

192.    Denied.

193.    Plaintiffs and OTC admit that claim 1 of the '495 patent appears to be copied in
this paragraph. Otherwise, denied.

194.    Denied.

195.    Denied.

196.    Denied.

197.    Denied.

198.    Denied.

199.    Plaintiffs and OTC admit that Plaintiffs were notified of the '495 Patent at the time they were served with the Counterclaims, otherwise denied.

200.    Denied.

201.    Denied.

202.    Denied.

203.    Denied.

204.    Denied.

205.    Denied.

206.    Denied.

207.    Denied.

## DEMAND FOR JURY TRIAL

This paragraph makes a jury demand and thus requires no response.

## ANSWER TO FORCEPOINT'S PRAYER FOR RELIEF

Plaintiffs and OTC deny that Forcepoint is entitled to any relief, including that requested in its "Prayer for Relief."

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that Plaintiffs and OTC bear the burden of proof or burden of persuasion as to any of them and reserving the right to amend their answer as additional information becomes available, Plaintiffs and OTC plead the following defenses:

## FIRST DEFENSE
### (Non-Infringement)

Plaintiffs and OTC have not engaged in any acts that would constitute willful, direct or indirect infringement of any valid claim of any of U.S. Patent Nos. 7,194,464; 8,938,773; 8,978,140; 9,609,101; and 9,654,495 (collectively, the "Counterclaim Patents-in-Suit") either literally or under the doctrine of equivalents.

## SECOND DEFENSE
### (Invalidity)

The Counterclaim Patents-in-Suit are invalid because they do not satisfy the requirements of 35 U.S.C. § 100, *et seq*., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112 and/or 116.

## THIRD DEFENSE
### (Prosecution History Estoppel/Prosecution Disclaimer)

Forcepoint's claims are barred in whole or in part by the doctrines of prosecution history estoppel and/or prosecution disclaimer.

## FOURTH DEFENSE
### (Ensnarement)

Forcepoint's claims are barred or limited by the doctrine of ensnarement.

## FIFTH DEFENSE
### (Limitation on Damages)

Forcepoint's right to seek damages, if any, is limited by 35 U.S.C. §§ 286, 287 and 288.

## SIXTH DEFENSE
### (Territoriality)

To the extent Forcepoint's claims are directed to acts occurring outside the United States, those claims for relief are barred or limited by the doctrine of territoriality by 35 U.S.C. § 271 *et seq*. including but not limited to § 271(a) and (c).

### SEVENTH DEFENSE
### (Failure to State a Claim)

Forcepoint has failed to state a claim upon which relief can be granted.

### EIGHTH DEFENSE
### (Double Patenting)

One or more of the asserted claims is invalid under the doctrine of statutory double patenting or the judicially-created doctrine of obviousness-type double patenting.

### NINTH DEFENSE
### (Lack of Standing)

To the extent Forcepoint lacks all substantive right to bring suit and to exclude others from practicing the claims of one or more of the Counterclaim Patents-in-Suit, Forcepoint's claims are barred by a lack of standing.

### TENTH DEFENSE
### (Judicial Estoppel)

Forcepoint's patent infringement claims are barred, in whole or in part, based on judicial estoppel. The asserted claims of the Counterclaim Patents-in-Suit are invalid or unenforceable, and Plaintiffs and OTC have not infringed, and are not infringing, the asserted claims of the Patents-in-Suit at least due in part to statements, representation, admissions, elections, positions, concessions, and filings made by Forcepoint in prior judicial or administrative proceedings.

### ELEVENTH DEFENSE
### (Res Judicata and/or Collateral Estoppel)

Forcepoint's claims, and issues relating to those claims, are barred, in whole or in part, as a result of adjudications on the merits of other judicial or administrative proceedings involving the Counterclaim Patents-in-Suit.

**TWELFTH DEFENSE**
**(Consent, Waiver, Unclean Hands, or Equitable Estoppel)**

Forcepoint's claims are barred, in whole or in part, by consent or under the doctrines of waiver, unclean hands, and/or equitable estoppel.

**THIRTEENTH DEFENSE**
**(License and/or Patent Exhaustion)**

Forcepoint's patent infringement claims are barred, in whole or in part, under the doctrines of express license, implied license, and/or patent exhaustion.

**FOURTEENTH DEFENSE**
**(Government Sales/Remedy by Action Against the United States)**

Forcepoint's remedies are limited by 28 U.S.C. § 1498(a).

**FIFTEENTH DEFENSE**
**(No Irreparable Harm)**

Forcepoint is not entitled to any form of injunctive relief because it has not suffered and will not suffer irreparable harm due to Plaintiffs' or OTC's alleged infringement and because Forcepoint has an adequate remedy at law.

**SIXTEENTH DEFENSE**
**(Disclosure Dedication Defense)**

By reason of proceedings in the United States Patent & Trademark Office, and by reasons of amendments, statements, admissions, omissions and/or representations made by the applicants or on their behalf, Forcepoint is estopped from asserting infringement of the Patents-in-Suit against Plaintiffs and OTC.

**RESERVATION OF ADDITIONAL DEFENSES**

Plaintiffs and OTC reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and future factual investigation.

## PLAINTIFFS' COUNTERCLAIMS

In accordance with Rule 13 of the Federal Rules of Civil Procedure, Plaintiffs and OTC hereby allege and assert the following counterclaims against Forcepoint:

1.      Plaintiffs and OTC reallege and incorporate by reference the allegations set forth in its Complaint (ECF No. 1) and Amended Complaint (ECF No. 57-2).

## THE PARTIES

2.      Webroot is a registered business in Texas.

3.      OpenText Inc. is a Delaware corporation and maintains three business offices in the state of Texas, two of which are located in this District.

4.      Open Text Corporation is a Canadian corporation with a principal place of business at 275 Frank Tompa Drive, Waterloo, Ontario, Canada.

5.      Defendant Forcepoint LLC is a Delaware limited liability company with a place of business in this District at 10900 Stonelake Blvd #350, Austin, TX 78759. Forcepoint is registered to do business in the State of Texas

## JURISDICTION AND VENUE

6.      Plaintiffs and OTC's counterclaims arise under the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

7.      This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

8.      Forcepoint Inc. has consented to personal jurisdiction of this Court at least by commencing its action against Plaintiffs and OTC in this Court.

9.      The Court also has personal jurisdiction over Forcepoint Inc. at least because it regularly conducts business in the State of Texas and in this District, including maintaining an office in this District.

10.     Venue is proper in this District as to these Counterclaims against Forcepoint Inc. pursuant to 28 U.S.C. §§ 1391(a)-(c), and 1400(b) at least because Forcepoint Inc. has consented to the venue of this Court by filing its Counterclaims here.

## COUNTERCLAIM I
## (DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,194,464)

11.     Plaintiffs and OTC have not infringed and do not infringe any valid and enforceable claim of the '464 Patent, directly or indirectly, either literally or by application of the doctrine of equivalents. For example, the Accused Products, alone or in combination, do not meet each and every limitation of claim 1 of the '464 Patent.

12.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

13.     A judicial declaration is necessary and appropriate so that Plaintiffs and OTC may ascertain their rights regarding the '464 Patent.

14.     Plaintiffs and OTC are entitled to a declaratory judgment that they do not infringe and have not infringed, either directly or indirectly, any valid and enforceable claim of the '464 Patent, either literally or under the doctrine of equivalents.

## COUNTERCLAIM II
## (DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,194,464)

15.     Plaintiffs and OTC repeat and re-allege Paragraphs 1-14 as if fully set forth herein.

16.     The claims of the '464 patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

17.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

18.     A judicial declaration is necessary and appropriate so that Plaintiffs and OTC may ascertain its rights regarding the '464 Patent.

## COUNTERCLAIM III
## (DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,938,773)

19.     Plaintiffs and OTC repeat and re-allege Paragraphs 1-18 as if fully set forth herein.

20.     Plaintiffs and OTC have not infringed and do not infringe any valid and enforceable claim of the '773 Patent, directly or indirectly, either literally or by application of the doctrine of equivalents. For example, the Accused Products, alone or in combination, do not meet each and every limitation of claim 1 of the '773 Patent.

21.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

22.     A judicial declaration is necessary and appropriate so that Plaintiffs and OTC may ascertain their rights regarding the '773 Patent.

23.     Plaintiffs and OTC are entitled to a declaratory judgment that they do not infringe and have not infringed, either directly or indirectly, any valid and enforceable claim of the '773 Patent, either literally or under the doctrine of equivalents.

## COUNTERCLAIM IV
## (DECLARATION OF INVALIDITY OF U.S. PATENT NO. 8,938,773)

24.     Plaintiffs and OTC repeat and re-allege Paragraphs 1-23 as if fully set forth herein.

25.     The claims of the '773 patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

26.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

27.     A judicial declaration is necessary and appropriate so that Plaintiffs and OTC may ascertain its rights regarding the '773 Patent.

## COUNTERCLAIM V
## (DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,978,140)

28.     Plaintiffs and OTC repeat and re-allege Paragraphs 1-27 as if fully set forth herein.

29.     Plaintiffs and OTC have not infringed and do not infringe any valid and enforceable claim of the '140 Patent, directly or indirectly, either literally or by application of the doctrine of equivalents. For example, the Accused Products, alone or in combination, do not meet each and every limitation of claim 1 of the '140 Patent.

30.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

31.     A judicial declaration is necessary and appropriate so that Plaintiffs and OTC may ascertain their rights regarding the '140 Patent.

32.     Plaintiffs and OTC are entitled to a declaratory judgment that they do not infringe and have not infringed, either directly or indirectly, any valid and enforceable claim of the '140 Patent, either literally or under the doctrine of equivalents.

## COUNTERCLAIM VI
## (DECLARATION OF INVALIDITY OF U.S. PATENT NO. 8,978,140)

33.     Plaintiffs and OTC repeat and re-allege Paragraphs 1-32 as if fully set forth herein.

34.     The claims of the '140 patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

35.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

36.     A judicial declaration is necessary and appropriate so that Plaintiffs and OTC may ascertain its rights regarding the '140 Patent.

## COUNTERCLAIM VII
## (DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 9,609,001)

37.     Plaintiffs and OTC repeat and re-allege Paragraphs 1-36 as if fully set forth herein.

38.     Plaintiffs and OTC have not infringed and do not infringe any valid and enforceable claim of the '001 Patent, directly or indirectly, either literally or by application of the doctrine of equivalents. For example, the Accused Products, alone or in combination, do not meet each and every limitation of claim 1 of the '001 Patent.

39.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

40.     A judicial declaration is necessary and appropriate so that Plaintiffs and OTC may ascertain their rights regarding the '001 Patent.

41.     Plaintiffs and OTC are entitled to a declaratory judgment that they do not infringe and have not infringed, either directly or indirectly, any valid and enforceable claim of the '001 Patent, either literally or under the doctrine of equivalents.

## COUNTERCLAIM VIII
## (DECLARATION OF INVALIDITY OF U.S. PATENT NO. 9,609,001)

42.     Plaintiffs and OTC repeat and re-allege Paragraphs 1-41 as if fully set forth herein.

43.     The claims of the '001 patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

44.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

45.     A judicial declaration is necessary and appropriate so that Plaintiffs and OTC may ascertain its rights regarding the '001 Patent.

**COUNTERCLAIM IX**
**(DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 9,654,495)**

46.     Plaintiffs and OTC repeat and re-allege Paragraphs 1-45 as if fully set forth herein.

47.     Plaintiffs and OTC have not infringed and do not infringe any valid and enforceable claim of the '495 Patent, directly or indirectly, either literally or by application of the doctrine of equivalents. For example, the Accused Products, alone or in combination, do not meet each and every limitation of claim 1 of the '495 Patent.

48.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

49.     A judicial declaration is necessary and appropriate so that Plaintiffs and OTC may ascertain their rights regarding the '495 Patent.

50.     Plaintiffs and OTC are entitled to a declaratory judgment that they do not infringe and have not infringed, either directly or indirectly, any valid and enforceable claim of the '495 Patent, either literally or under the doctrine of equivalents.

**COUNTERCLAIM X**
**(DECLARATION OF INVALIDITY OF U.S. PATENT NO. 9,654,495)**

51.     Plaintiffs and OTC repeat and re-allege Paragraphs 1-50 as if fully set forth herein.

52.     The claims of the '495 patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

53.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

54.     A judicial declaration is necessary and appropriate so that Plaintiffs and OTC may ascertain its rights regarding the '495 Patent.

Dated: September 16, 2022                    Respectfully submitted,

                                             /s/ Jeffrey D. Mills
                                             JEFFREY D. MILLS
                                              jmills@kslaw.com
                                             KING & SPALDING LLP
                                             500 W. 2nd Street, Suite 1800
                                             Austin, TX 78701
                                             Telephone: (512) 457-2027
                                             Telecopier: (202) 626-3737

                                             CHRISTOPHER C. CAMPBELL
                                              ccampbell@kslaw.com
                                             PATRICK M. LAFFERTY
                                              plafferty@kslaw.com
                                             KING & SPALDING LLP
                                             1700 Pennsylvania Avenue, NW
                                             Washington, DC 20006
                                             Telephone: (202) 737-0500
                                             Telecopier: (202) 626-3737

                                             BRIAN J. EUTERMOSER
                                              beutermoser@kslaw.com
                                             BRITTON F. DAVIS
                                              bfdavis@kslaw.com
                                             KING & SPALDING LLP
                                             1401 Lawrence Street, Suite 1900
                                             Denver, Colorado 80202
                                             Telephone: (720) 535-2300
                                             Telecopier: (720) 535-2400

                                             STEVEN ROBERT SPRINKLE
                                              ssprinkle@sprinklelaw.com
                                             SPRINKLE IP LAW GROUP
                                             1301 W. 25th Street, Suite 408
                                             Austin, Texas 78705
                                             Telephone: (512) 637-9221
                                             Telecopier: (512) 371-9088

MARK D. SIEGMUND
mark@swclaw.com
**STECKLER WAYNE**
**CHERRY & LOVE, PLLC**
8416 Old McGregor Rd.
Waco, Texas 76712
Telephone: (254) 651-3690
Telecopier: (254) 651-3689

*Counsel for Webroot, Inc., Open Text, Inc., and Open Text Corporation*

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 16, 2022, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(b)(1).

*/s/ Jeffrey D. Mills*
Jeffrey D. Mills