IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WEBROOT, INC. and<br>OPEN TEXT, INC.,<br><br>        Plaintiffs,<br><br>v.<br><br>FORCEPOINT LLC,<br><br>        Defendant. | CIVIL ACTION NO. 6:22-CV-00342-ADA<br><br>**JURY TRIAL DEMANDED** |
| FORCEPOINT LLC,<br><br>        Counterclaim-Plaintiff,<br><br>v.<br><br>WEBROOT, INC., OPEN TEXT INC., and<br>OPEN TEXT CORPORATION,<br><br>        Counterclaim-Defendants. | |

## DISCOVERY ORDER

Plaintiffs Webroot, Inc. and Open Text, Inc. ("Plaintiffs" or "OTI") and Forcepoint LLC ("Defendant" or "Forcepoint") raised the following discovery dispute with the Court by email submission on September 20, 2022.

### Plaintiffs' Position

First**,** Plaintiffs request that the Court overrule Forcepoint's impermissible geographic limitation. Forcepoint has refused to provide information concerning witnesses and sources of evidence located outside of Texas. Forcepoint's improper objection should be overruled because

1

it will deprive this Court of the facts needed to determine *who* the most likely relevant witnesses are and where they are located.

Forcepoint must establish that Austin is "clearly more convenient" than Waco. *In re Volkswagen, Inc.*, 545 F.3d 304, 314 n.10 (5th Cir. 2008). In determining whether Forcepoint has met that burden, the Court must consider factors including the relative ease of access to proof, and the convenience of witnesses. *Fintiv Inc. v. Apple Inc.*, 2019 WL 4743678, at *2, 6. A prerequisite to determining the convenience of witnesses is to identify who the most likely witnesses are. If the likely witnesses are located outside of both forums, "there is no relative distinction of ease of access between" them. *WSOU Investments, LLC v. Microsoft Corp.*, 6:20-cv-00454-ADA, at *7 (W.D. Tex. Apr. 7, 2021).

Forcepoint has refused to identify *the most* relevant persons with knowledge of the Accused Products—including their design and development. Instead, Forcepoint has identified the most knowledgeable persons *located within the Austin or Waco divisions*. Thus, the persons Forcepoint identified in Austin may not be witnesses in this case because they are not the most knowledgeable people company wide. Plaintiffs believe that the most knowledgeable individuals on certain topics may be located outside of Texas, including in California. If so, the persons Forcepoint identified in Austin are irrelevant to the venue analysis. Forcepoint's objection is improperly designed to manufacture alleged "witnesses" in Austin strictly for purposes of its venue transfer motion when this factor would otherwise likely be neutral. *See VSLI Tech. LLC v. Intel Corp.*, 6:19-CV-00254-ADA, 2019 WL 8013949, at *5 (W.D. Tex. Oct. 7, 2019) (holding that, overall, the Austin and Waco Divisions are equally convenient for out-of-state witnesses when considering travel time and hotel costs).

Second, Forcepoint has refused to identify any third-party witnesses, including customers and partners/resellers, that are located in Austin, Waco, or Dallas-Fort Worth. These witnesses are important with respect to Plaintiffs' indirect infringement claims. Indeed, the Accused Products are sophisticated malware detection software and systems that may be configured and operated by third parties in an infringing manner. To the extent these witnesses are located in Dallas-Fort Worth, they may be subject to compulsory process if the case remains in the Waco division but not if it is transferred to Austin division. *See* Fed. R. Civ. P. 45(c)(1)(A) (absolute subpoena power only exists "within 100 miles of where the person resides, is employed, or regularly transacts business in person."). Indeed, third-party subpoenas to witnesses in Dallas-Fort Worth will be significantly more difficult to enforce if Forcepoint's motion is granted, requiring the involvement of a second judicial district. Forcepoint should be required to identify these potential third-party witnesses.

**Requested Relief:** Plaintiffs Webroot, Inc. and Open Text, Inc. (collectively, "Plaintiffs") request that the Court overrule two objections that Defendant Forcepoint, LLC ("Forcepoint") has used to limit its venue discovery responses.

### Defendant's Position

The Court should deny Plaintiffs' requests seeking early merits discovery on employees, customers, and third parties that are irrelevant to *intra*-district transfer.

*First*, Forcepoint's out-of-state employees are not relevant to intra-district transfer. This Court has repeatedly held "the Austin and Waco Divisions are equally convenient for out-of-state witnesses when considering travel time and hotel costs" and are thus not weighed in balance of venue convenience for intra-district transfer. *See, e.g.*, *VSLI Tech. LLC v. Intel Corp.*, 6:19-CV-00254-ADA, 2019 WL 8013949, at *5 (W.D. Tex. Oct. 7, 2019). Accordingly, this Court has

denied similar requests to compel identification of employees located outside of WDTX. *See Monterey Research, LLC v. Advanced Micro Devices, Inc.*, 6:21-cv-00839-ADA, 2022 WL 770120 (W.D. Tex. Mar. 11, 2022). At best, witnesses within 100 miles of the Waco Division are relevant. *See Neo Wireless, LLC v. Dell Techs. Inc.*, 6:21-cv-00024-ADA, D.I. 60, at *5 (W.D. Tex. Jan. 20, 2022). Forcepoint has already offered to go beyond that scope and provide information about potential witnesses Texas-wide.

Forcepoint identified potential witnesses relevant to intra-district transfer, including senior financial and marketing employees. Forcepoint did not, as Plaintiffs suggest, start with the Austin office and then identify employees with some knowledge of the Accused Products while ignoring the rest of the company. To the contrary, Forcepoint conducted a company-wide search for the potential witnesses in this case, and from that list of most knowledgeable employees, Forcepoint disclosed those relevant to intra-district transfer, *i.e.*, residing in Texas. Plaintiffs' insistence that Forcepoint "manufacture[d]" irrelevant witnesses is without merit, as Forcepoint repeatedly explained during meet-and-confers.

***Second***, Plaintiffs' requests for identification of third-party customers and "partners/resellers" are both irrelevant to intra-district transfer and overbroad. Plaintiffs' interrogatory is much broader than "partners/resellers," and requests the identification of Forcepoint's "third party…installers, system integrators, Value Added Resellers (VARs), Direct Market Resellers (DMRs), Managed Security Service Providers, Partners, [or] Channel Partners," without showing that any of these third parties is actually expected to come to trial.

While third-party discovery may be relevant to ***inter***-district transfer under the availability of compulsory process factor, it is irrelevant to ***intra***-district transfer because both the Waco and Austin Divisions have the same subpoena power. *See, e.g.*, *Corrino Holdings LLC v. Expedia, Inc.*,

No. 6:20-CV-309-ADA, 2022 WL 1094621, at *3 (W.D. Tex. Apr. 12, 2022). Likewise, third party information beyond the scope of what Forcepoint has offered is not relevant under the willing witness or local interest factors. *VSLI Tech.*, 2019 WL 8013949, at *5 ("Austin and Waco Divisions are equally convenient" for out-of-state witnesses); *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009) (no substantial interest in nationwide sales). Plaintiffs failed to cite any authority to the contrary.

***Third***, Plaintiffs only address portions of Interrogatory Nos. 2-3 and 5 in this submission. The requested relief is thus not commensurate with the issues presented. If Plaintiffs seek to overrule Forcepoint's objections for other interrogatories, Plaintiffs should address those specifically.

**Requested Relief:** An Order that Plaintiffs' requests are denied.

## ORDER

On September 22, 2022, the Court held a video conference to resolve the parties' venue discovery dispute. Having considered the parties' submissions and oral arguments, the Court GRANTS-IN-PART Plaintiffs' Requested Relief and ORDERS the following:

1. Forcepoint shall identify the most knowledgeable people concerning the research, design, and development nationwide that are likely to be listed on the parties' Rule 26(a)(1) initial disclosures. Hrg. Tr. at 8:8-9:3; 10:1-9.

2. Forcepoint shall provide the number of employees in each Forcepoint office nationwide; Hrg. Tr. at 29:8-10.

3. Forcepoint shall provide the company name and business location of Forcepoint's top 10[1] customers, Value Added Resellers (VARs), Direct Market Resellers (DMRs), Managed Security Service Providers, Partners, and Channel Partners located in the Waco, Austin, and Dallas divisions. Defendant is also ordered to provide information on how Defendant determined which company was included in the list sufficient for Plaintiffs to determine how such a determination was made. Hrg. Tr. 19:15-25; 20:3-8; 24:9-15.

4. Forcepoint shall provide the information within 7 days of the hearing. Hrg. Tr. 25:19-20. Any request for information responsive to Interrogatory Nos. 2, 3, 4, and 5 that is not expressly ordered herein is denied.

So ORDERED this 30th day of September, 2022.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE

---

[1] Specifically, the list of top ten shall be identified as one group of ten. This order does not require Forcepoint to identify a list of ten of *each* of the customers, Value Added Resellers (VARs), Direct Market Resellers (DMRs), Managed Security Service Providers, Partners, and Channel Partners. Hrg. Tr. 24:24-25:3.